CLARK, treasurer, *v.* EVE, judge.

ATKINSON, J. 1. The act of 1904 (Acts 1904, p. 201) prescribed the salary for the judge of the city court of Savannah and defined his duties, which were purely judicial. The act of 1881 (Acts 1880-81, p. 574) established the city court of Richmond county, provided for the appointment of a judge and a solicitor, prescribed the salary for the judge, and defined his duties, which were purely judicial. The act of 1883 (Acts 1882-83, p. 528) declared that the judge of the city court of Richmond county should be ex-officio commissioner of roads and revenues for that county, and declared his duties as such relating to county matters. The act of 1886 (Acts 1886, p. 264) prescribed the compensation for his duties in the management of the county business. All of these acts were in effect at the date of the passage of the act approved August 15, 1905 (Acts 1905, p. 100), the caption and body of which are as follows: "An act to fix the salary of the judges of the city courts of the State in counties where there are cities having a population of not less than 39,000 nor more than 75,000, to provide for the payment of such salary, and for other purposes. Section 1. Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, that from and after the passage of this act, the judge of the city courts in all counties having therein a city with a population of not less than 39,000 nor more than 75,000, according to the United States census of 1900, shall have an annual salary of $5,000, payable in monthly installments, out of the treasury in such counties in the same manner as the judges of said court are now paid. The salary herein provided for shall cover all duties incident to, or connected with, the office of judge of the city courts of the State, whether said duties are provided for in local or general acts. Sec. 2. Be it further enacted, that all laws or parts of laws in conflict with this act be and the same are hereby repealed as far as they conflict." At the date of the passage of the act just quoted, only the counties of Chatham and Richmond had therein cities having populations of not less than 39,000 nor more than 75,000 according to the U. S. census of 1900. *Held*, that the existence of the several acts above

mentioned at the time of the passage of the act of 1905, supra, did not render the latter act obnoxious to art. 3, sec. 7, par. 8, of the constitution (Civil Code, § 5771, which provides that no law shall pass which refers to more than one subject-matter; nor to art. 3, sec. 7, par. 8, of the constitution (Civil Code, § 5771), which prohibits the passage of an act which contains in the body thereof matter not expressed in the caption.

2. The act of 1905, above set out, does not violate art. 7, sec. 7, par. 1, of the constitution (Civil Code, § 5893), on the ground that it creates a new debt of $5,000 a year in favor of the judge of the city court of Richmond county without the assent thereto of two thirds of the qualified voters of the county.

3. If it be conceded that the act of August 15, 1905, supra, was a local act of the character requiring publication, under the provisions of art. 3, sec. 7, par. 16, of the constitution (Civil Code, § 5778), the question of whether or not it had been duly published was a legislative question, and will not be inquired into by the courts. *Speer* v. *Athens*, 85 *Ga.* 49 (11 S. E. 802, 9 L. R. A. 402) ; *Burge* v. *Mangum*, 134 *Ga.* 307 (67 S. E. 857) ; *White* v. *City of Atlanta*, 134 *Ga.* 532 (68 S. E. 103).

4. The act approved August 15, 1905 (Acts 1905, p. 100), was not violative of art. 7, sec. 6, par. 2, of the constitution (Civil Code, § 5892), on the ground that the section of the constitution referred to restricted the purposes for which county taxes might be levied in such manner as to exclude from them the power to levy a county tax for the purpose of paying the salary of the judge of the city court of Richmond county. Among the purposes for which county taxes might be levied under that provision of the constitution is one for the payment of "expenses of court." Art. 6, sec. 1, par. 1, of the constitution (Civil Code, § 5831), provides that the judicial powers of this State shall be vested in a Supreme Court, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as may be established by law. Par. 5 of the same article (Civil Code, § 5836), providing for writs of error, declares that they may be taken from the superior courts and from the city courts of Atlanta and Savannah, and such other like city courts as may be established in other cities. Thus the power to create local city courts is recognized in the constitution. At the time of the adoption of the constitutional provision above mentioned, city courts were in existence, and the salaries of the judges were paid by local taxation. The recognition of such courts by the constitution also embraces the recognition of the organization thereof and the manner of payment of the salaries of the judges. The several provisions of the constitution above mentioned should be construed together, and, so construing them, salaries of judges of the city courts may be properly classed as expenses of court within the meaning of the constitution relative to the levy of taxes by counties.

5. Attacks were made upon the constitutionality of the act of July 31, 1906 (Acts 1906, pp. 58-9). This act purports to amend the act of August 15, 1905, quoted in the first headnote, by striking therefrom the words "nor more than 75,000," thus leaving the act of 1905 applicable to all counties having cities therein with a population of not less than 39,000. The act did not purport to do more. At the time of its passage

the only city in the county of Richmond having a population of not less than 39,000 was the city of Augusta, which had a population of 39,441. Hence the act of 1905 was applicable to the county of Richmond, without regard to the amending act of 1906; and it becomes immaterial to inquire into the constitutionality of the latter act upon any ground of attack.

6. Formerly it was provided that the justices of the inferior courts "must audit all claims against their respective counties, and every claim, or such part thereof as may be allowed, must be registered by the clerk, and said justices must give the claimant an order on the treasurer for the amount." Irwin's Code, 1867, § 540. By subsequent acts of the legislature all of the powers of the justices of the inferior court in Richmond county relative to county matters were vested successively in other county officers, and finally, by the act approved August 19, 1907 (Acts 1907, p. 324), the board of commissioners of roads and revenues for the county of Richmond, became vested with those powers. The act of 1825 (Cobb's Digest, p. 211), which has never been repealed, declared: "It shall be the duty of the county treasurer to pay without delay all warrants passed by the inferior court and directed to him, provided he has funds so to do, and shall upon paying same take a receipt upon such order for his justification, and shall keep the same on file in his office." For a number of years, while the plaintiff was judge of the city court of Richmond county and ex-officio commissioner of roads and revenues in Richmond county, he drew his salary by orders approved by himself as county commissioner and presented to the county treasurer as warrants, and no salary was paid to him without a warrant. *Held,* that the enactments above referred to, and the custom observed in the matter of collecting from the treasurer of the county the salary of the judge of the city court and ex-officio commissioner of roads and revenues above described, were not sufficient to justify the treasurer of Richmond county in refusing payment of the salary of the judge of the city court of Richmond county for the month of December, 1909, on the ground that he failed to present a formal warrant for the same.

(a) Under the provisions of the act approved August 15, 1905 (Acts 1905, p. 100), as applicable to the county of Richmond, the salary of the judge of the city court of Richmond county became fixed by law, payable out of the county treasury in monthly installments; and it was unnecessary for the judge of the city court to have his claim for salary audited and a warrant on the county treasurer issued therefor. See *Gamble* v. *Clark,* 92 *Ga.* 696 (19 S. E. 54); *Lamb* v. *Toomer,* 91 *Ga.* 621 (17 S. E. 966); *Chatham County* v. *Gaudry,* 120 *Ga.* 121 (47 S. E. 634), and cit. Upon the refusal to pay, mandamus will lie against the treasurer of the county to compel payment of any part of the salary when by law it is payable and after it has been demanded, although at the time of making demand no formal warrant had issued therefor.

*Judgment affirmed. All the Justices concur.*

JULY 13, 1910.

Mandamus. Before Judge Meadow. Richmond superior court. February 26, 1910.

William F. Eve, judge of the city court of Richmond county, instituted suit for a writ of mandamus against Walter A. Clark, as treasurer, to compel the payment of the sum of $416.66, alleged to be due as his salary for the month of December, 1909. The claim was based on the act approved August 15, 1905 (Acts 1905, p. 100), as amended by the act approved July 31, 1906 (Acts 1906, p. 58), it being alleged that the acts referred to provided for the payment of a salary amounting to $5,000 annually, payable in monthly installments, out of the treasury of the county. The defendant filed a plea in bar, and also a demurrer, in which the acts of the legislature above mentioned were attacked as being void, on the ground that they were violative of the constitution in several particulars fully set forth. The defendant also filed an answer, wherein certain of the allegations of the petition were admitted and others denied; and set up further that there was no legal duty upon the treasurer to pay the demand referred to in the plaintiff's petition, because under the several acts defining the duties of the treasurer he was required to pay only such demands as were audited and ordered paid by the board of county commissioners, and that the plaintiff's demand had not been approved by the county commissioners and ordered paid. Later the defendant amended his answer, alleging that during his tenure of office, which commenced in 1897, the plaintiff had been commissioner of roads and revenues of the county, and that it had been customary for the plaintiff to present warrants issued by the county commissioners for the payment of his salary, and that he had never been paid any salary except upon warrant. In the amendment further reasons were urged as showing the unconstitutionality of the acts of the legislature relied upon by plaintiff to establish the amount of his salary. On the trial the judge passed an order making the mandamus absolute, and required the defendant to pay over the sum demanded. The defendant excepted.

*Salem Dutcher* and *W. H. Fleming,* for plaintiff in error.

*Joseph R. Lamar, Austin Branch, William H. Barrett, Boykin Wright, C. H. & R. S. Cohen, King & Spalding, Adams & Adams,* and *Slaton & Phillips,* contra.