*G. D. Oliver, C. D. Russell,* contra.

---

### 2721.   WOOD, treasurer, *v.* VIENNA TELEPHONE CO.

The county authorities in this State have the power to install telephones or to cause them to be installed at court-houses, jails, pauper farms, and other places where they may be needed in the conduct of such matters and things as the counties are authorized to support and maintain by taxation.

DECIDED SEPTEMBER 6, 1910.

Certiorari; from Dooly superior court—Judge Whipple.   May 17, 1910.

*Busbee & Busbee,* for plaintiff in error.   *W. F. George,* contra.

POWELL, J.   The question is whether telephone service for the

14

court-house, jail, and pauper farm of a county is a legitimate and constitutional charge for which the county authorities may appropriate money from the county treasury. We think that it is. It is true that he who asserts a county's power to contract for anything or to pay for it from county tax money must be able to show the authority, either expressly given or arising by necessary implication. By the constitution (art. 7, sec. 6, par. 2; Civil Code of 1895, § 5892) the taxing power, and consequently the contracting power, of counties is limited as follows: "The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes in instructing children in the elementary branches of an English education only; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing." So far as the court-house itself is concerned, only the power to "build and repair" is given, and yet who would say .that the county authorities had exhausted their power in this respect when they had erected a building with floors, walls, ceilings, and roof? There must be necessary ,tables, chairs, and other legitimate furnishings. Will it be insisted that a county can not buy handcuffs? Yet, in a strict and literal sense, this would not be "to maintain and support prisoners." As the Supreme Court pointed out in the case of *Pennington* v. *Gammon,* 67 *Ga.* 456, 459, there is no law expressly authorizing the county authorities to purchase spades, shovels, hoes, axes, and other things needed in working the county chain-gang; yet it was held that not only these things, but also expensive improved machinery, might lawfully be bought. Cf. *Wright* v. *Floyd County,* 1 *Ga. App.* 582 (58 S. E. 72). Telephone service is no longer a luxury; it is a modern business necessity. When it is needed in connection with the matters and things which the county authorities are authorized to maintain and to tax for, they may lawfully contract for it. It then becomes a part of the maintenance and equipment of the public buildings, a part of the expense of courts, of prisoners, of paupers, etc. It becomes a part of the machinery by which the county authorities carry on the legitimate county business; and the authorities may lawfully pay for it out of the county funds. ·

*Judgment affirmed.*