### 10381.  FLOYD COUNTY *v.* GRAHAM.

1. Section 402 of the Civil Code of 1910 makes it the duty of the county authorities in this State to furnish the different county offices with "office supplies generally," and this would include a telephone in the office of a clerk of the superior court whenever it appears that its installation is reasonably necessary to carry on the legitimate business of that office.

2. The court, therefore, did not err in overruling the demurrer attacking the plaintiff's petition on the ground that he, as clerk of the superior court of Floyd county, had no authority to have installed in his office at the expense of the county a telephone which he alleged to have been necessary to carry on properly the legitimate county business.

DECIDED OCTOBER 20, 1919.

Complaint; from city court of Floyd county—Judge Nunnally. February 14, 1919.

*Graham & Wright,* for plaintiff in error.

*Maddox & Doyal,* contra.

SMITH, J. This is a suit by S. L. Graham against Floyd County to recover $30.95, this sum having been paid by him as rent for a telephone installed in his office in the court-house of the county. Plaintiff's petition shows that he is the clerk of the superior court of Floyd county, as well as ex-officio clerk of the city court of said county, and that the telephone in question was installed in his office for the necessary and proper conduct of said office; that the defendant county has failed and refused to pay for the same, but that the aforementioned sum has been paid by him. The defendant interposed a demurrer, to the overruling of which it excepted.

The sole question for adjudication in this case (and this is admitted by counsel for plaintiff in error in his brief) is whether or not a county is liable for a telephone installed in the office of a clerk of the superior court, which instrument is to be used in the necessary conduct of the legitimate business of said office. Section 402 of the Civil Code (1910) is as follows: "It shall be

the duty of the ordinaries or board of county commissioners, or other county authorities where such boards exist, and who have the management of the revenues of the counties, to furnish coal, wood, lights, furniture, stationery, records, and office supplies in general, for the different county offices of the various counties in this State, at the expense of each county; provided that this section shall only apply to the offices of said officers in the various court-houses in said counties." It will be observed that this section makes it the duty of the county commissioners, or other county authorities, to furnish county officers having offices in the court-houses of the various counties of this State with "office supplies in general." Is this phrase broad enough to include a telephone? We think so. In other words, we construe this section to mean that a county officer having an office in the court-house is entitled to have all office supplies and equipment reasonably necessary to maintain his office in a modern up-to-date manner, corresponding with offices of similar character responsible for a like amount of work. What bank of today would undertake to do business without an adding machine? Could it be reasonably and intelligently contended for a moment that the county commissioners of Fulton County, responsible for an enormous amount of business, should be denied the benefits of an adding machine? What well organized law office of today is without a typewriter? Could any physician enjoying a general practice be without a telephone? To put these questions is but to answer them in the negative. Should not, therefore, a clerk of the superior court be given the universally recognized convenience incident to telephone service, which in this day of rapid progress is absolutely necessary to the proper conduct of any business of importance? We think so; and it is our opinion that the legislature intended that the term "office supplies in general" should include all necessary office equipment—such as telephones, typewriters, etc. Our view of the question under consideration is, we think, strengthened by the opinion of Judge Powell in the case of *Wood* v. *Vienna Telephone Co.*, 8 *Ga. App.* 209 (68 S. E. 872), wherein he says: "*Telephone service is no longer a luxury; it is a modern business necessity* [italics ours]. When it is needed in connection with the matters and things which the county authorities are authorized to maintain and to tax for, they may lawfully contract for it: It then

becomes a part of the maintenance and equipment of the public buildings, a part of the expense of courts, of prisoners, of paupers, etc. It becomes a part of the machinery by which the county authorities carry on the legitimate county business; and the authorities may lawfully pay for it out of the county funds."

From what is said above it is clear that the petition set out a cause of action, and that the trial judge did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*