BOARD OF COMMISSIONERS OF JASPER COUNTY *v.* PERSONS, sheriff.

PER CURIAM. The sheriff of Jasper County, filed a petition for mandamus against the board of commissioners of roads and revenues of that county, who have control of the fiscal affairs of the county, praying that the commissioners be required to pay him a greater sum for feeding and dieting the prisoners, and that they also be required to repair the county jail in certain respects. Mandamus nisi was issued and served. The commissioners filed no answer or demurrer to the petition, and made no defense. The court, to whom the case was submitted (there being no issue of fact), after hearing evidence found that in several respects specified repairs to the jail were necessary in order that it might be rendered more secure and reasonably sanitary, the evidence showing that the health of the prisoners was being jeopardized under existing conditions; and that the sheriff should be paid the amount of fifty cents per day for feeding and dieting the prisoners, the uncontradicted evidence being that the minimum amount sufficient for this purpose was the amount required to be paid. Mandamus absolute was granted. At the same term the board of commissioners filed a motion in arrest of that judgment. The motion was based upon the contention that there was no cause of action, that no facts were stated to authorize the mandamus absolute, and that the court was without jurisdiction to issue the writ upon the facts alleged. *Held:*

1. The court was not without jurisdiction to entertain the petition for mandamus against the commissioners and to require them to perform their official duty of making the jail safe and sanitary and to put it into a condition which would not jeopardize the lives or health of the prisoners; and the judgment will not be arrested merely because the court may have erred in regard to some of the particulars which it required the commissioners to perform in order to put the jail in a safe and proper condition. If the order went too far in this respect, the respondents should have excepted to it, so that the error, if any, in this respect, might have been corrected.

2. It was the official duty of the commissioners to allow a sufficient

amount for the diet of the prisoners, that their strength and health should not suffer in consequence of any insufficiency of food; and the uncontroverted evidence showing that the amount allowed by the judge was a minimum amount for the purpose indicated, his judgment upon that question will not be set aside upon a motion in arrest. *Judgment affirmed. All the Justices concur.*

No. 3126.  MARCH 3, 1923.

Mandamus. Before Judge Park. Jasper superior court. February 15, 1922.

*Greene F. Johnson,* for plaintiffs in error.

*W. S. Florence,* contra.