LUMPKIN COUNTY *et al. v.* DAVIS, sheriff.

No. 12123. JANUARY 15, 1938.

*E. C. Brannon, J. F. Pruitt,* and *Edward T. Averett,* for plaintiffs in error.

*Fred L. Brewer,* contra.

JENKINS, Justice. 1. It is the official duty of a board of county commissioners of roads and revenues to fix and allow to the sheriff as ex-officio jailer "a sufficient amount for the diet of prisoners, that their strength and health should not suffer in consequence of any insufficiency of food." *Board of Commissioners of Jasper County* v. *Persons,* 155 *Ga.* 277 (2) (116 S. E. 538); Code, §§ 77-103, 77-110, 24-2823. Whether or not, upon their failure so to do, mandamus would be the proper remedy to require reimbursement to the sheriff for funds thus necessarily expended by him in excess of the amount allowed by an existing rule

of the board it is unnecessary to determine in this case, since no such question as to these or other items sued for was raised by the defendants. See, in this connection, *Maddox* v. *Anchor Duck Mills*, 167 *Ga.* 695 (146 S. E. 551); *Cox* v. *Board of Com'rs*, 65 *Ga.* 741; *Americus Grocery Co.* v. *Pitts Banking Co.*, 169 *Ga.* 70 (5) (149 S. E. 776); *City of Atlanta* v. *Wright*, 119 *Ga.* 207, 211 (45 S. E. 994); *Harris* v. *Garner*, 160 *Ga.* 752 (128 S. E. 913).

(*a*) Upon the special issues of fact submitted to the jury in this case, the evidence can be taken to authorize the finding as made, that the amount of 50 cents a day for each prisoner, allowed by the commissioners, was inadequate, and that the sheriff was entitled to receive an additional 25 cents a day for each in order to provide proper food.

(*b*) It was not error to charge that if the jury found the amount of 50 cents, allowed by the commissioners, "insufficient, not reasonably sufficient, then you would be authorized to find in favor of the plaintiff . . such an amount, over and above the amount allowed by the commissioners, as would fairly and reasonably compensate him for dieting the prisoners confined in the jail;" especially where, immediately preceding this, the judge charged the rule stated in the *Jasper County* case, supra, and that the jury should "look to see if the amounts allowed by the defendant commissioners for the diet of prisoners were reasonably sufficient to preserve the strength and health of such prisoners; and if those amounts were sufficient, then your finding on the matter of diet would be in favor of the defendants;" and where, immediately following this and a statement as to the additional amount claimed for this item, the judge further charged that "this is a mandamus case, and mandamus is a remedy for official inaction; and the rule is, it does not lie to control the conduct of officials, as in this case, vested with a discretion, except where the exercise of that discretion has been so capricious or arbitrary as to amount to a gross abuse of discretion." As to whether the instruction complained of would have been erroneous, if only the latter principle, controlling mandamus cases, had been omitted, need not be determined.

2. A telephone in the office of a sheriff, where it is necessary for official business, comes within the scope of matters which a county may maintain by taxation. *Wood* v. *Vienna Telephone*

*Co.,* 8 *Ga. App.* 209, 210 (68 S. E. 872) ; *Floyd County* v. *Graham,* 24 *Ga. App.* 294 (100 S. E. 728). The evidence fully authorized the jury to find that such an item was necessary for the proper and efficient functioning of the office, that the cost of $18 a year was proper, that the sheriff paid therefor, and that the commissioners refused to allow this item. The judge having properly given in charge the rule as to the necessity of the item and the reasonableness of the cost, and having charged that the burden of proof was on the plaintiff, he did not err in refusing to charge further, as requested, that "the county would not be liable to pay for a telephone for the private convenience of the sheriff or jailor, and in no event would they be liable to pay for a telephone until and after the sheriff had made demand on county authorities to install a telephone and the county refused to do so, and then the burden would be on the sheriff to show that under the statute he is entitled to a telephone, and that the county failed and refused to install one, and pay the charges, and that he did have the 'phone installed and paid the charges himself after the county refused to do so."

3. There being no conflict in the testimony as to the number or the dates or duration of the feeding of prisoners by the sheriff, but the only dispute being as to the proper amount of allowance for such services, the question whether or not the court erred in admitting the sheriff's book of account, which was introduced for the purpose of corroborating his oral testimony as to the correctness of these items, is immaterial, and the admission of the book, in any event, could not have constituted harmful error.

4. "Turnkey" fees of 60 cents, "for turning key on receiving, discharging, or conducting a prisoner before any court," which moneys are part of the "jail fees" to sheriffs as ex-officio jailers, allowed by the Code, §§ 24-2823, 77-103, are part of the "costs" chargeable against defendants in criminal cases, collectible from them or from fines and forfeitures in insolvency cases, in the manner provided by the Code, §§ 27-2801 to 27-2806, inclusive, and §§ 27-2902 to 27-2914, inclusive; and a county is not liable therefor from general funds in the county treasury. *Hall County* v. *Gilmer,* 123 *Ga.* 173 (3), 176 (51 S. E. 307) ; *Gordon County Commissioners* v. *Harris,* 81 *Ga.* 719, 720 (8 S. E. 427) ; *Polk County* v. *Crocker,* 112 *Ga.* 152 (37 S. E. 178) ; *Davis* v. *State,*

33 *Ga.* 531, 533; *Walton County* v. *Dean,* 23 *Ga. App.* 97, 98 (97 S. E. 561), and cit. While the Code, § 24-2823, contains the provision that *"whenever* jail fees are chargeable to the county, the same shall be paid monthly; provided that no *local law* regulating county jails or fixing salaries for jailers, or their fees, shall in any way be affected or repealed by this section," and § 77-103 contains identical language without the proviso, these statutes do not themselves impose upon any county any liability for "jail fees." While under article 7, section 6, paragraph 2, of the constitution (Code, § 2-5402), the General Assembly may delegate to counties the right to levy a tax to pay "expenses of court," and it has been held in such cases that sheriffs may recover jail fees or other officers may recover fees or costs by mandamus against officials of a county, such a liability existing under legislative act (see *Commissioners &c. of Decatur County* v. *Martin,* 161 *Ga.* 220 (1-4), 226, 130 S. E. 569; *Clark* v. *Clark,* 137 *Ga.* 189 (1-3, 5), 73 S. E. 15; *Clark* v. *Black,* 136 *Ga.* 812, 72 S. E. 251; *Randolph County* v. *Ellis,* 130 *Ga.* 121, 60 S. E. 458), yet there is no statutory authority for such a recovery by the sheriff from the County of Lumpkin of "turnkey" jail fees.

5. The verdict and judgment, requiring the board of commissioners to pay to the sheriff specified amounts for cost of feeding prisoners, telephone, and $115.80 "turnkey fees," being illegal only as to the last item, the refusal of a new trial is affirmed on condition that such item be stricken when the remittitur is made the judgment of the trial court; otherwise the judgment is reversed.

*Judgment affirmed on condition. All the Justices concur.*