HUBBARD *v.* HENDERSON *et al.*

CANDLER, Justice. James Hubbard, as Sheriff of the City Court of Louisville, instituted mandamus proceedings against the members of the Board of Commissioners of Roads and Revenue of Jefferson County. The petition alleged that the defendants have charge of the fiscal affairs of the county and are responsible for the payment of all legal claims against the County of Jefferson; that under the act of 1945 (Ga. L. 1945, p. 221; Code, Ann. Supp., § 24-2823), he, as sheriff of the city court, is entitled to be paid his fees in criminal cases disposed of in the City Court of Louisville out of county funds, and that his demand for payment of the stipulated balance of $925.45 has been refused for the reason, as contended by the defendants, that such fees are to be paid solely from the fines and forfeitures in the city court. The prayers were for a mandamus nisi, and that upon a hearing the defendants, in their official capacity, be required to pay out of county funds the amount alleged to be due him. A general demurrer interposed by the defendants was sustained and the petition dismissed. The exception is to that judgment. *Held:*

1. The act creating the City Court of Louisville (Ga. L. 1911, pp. 277, 291) provides for the payment of the fees due the sheriff for the performance of his official duties from fines and forfeitures arising from cases disposed of in that court.

2. The General Assembly, by an act approved March 6, 1945 (Ga. L. 1945, p. 221; Code, Ann. Supp., § 24-2823), amended § 24-2823 of the 1933 Code by fixing a new schedule of fees which the sheriffs of this State are entitled to charge and collect for official duties performed in both civil and criminal cases in all of the counties of this State having a population of less than 83,783, according to the 1940 census or any future census. It also provided that the "Sheriffs shall be entitled to receive the fees provided for in this section for all arrests in all criminal cases, tried or otherwise disposed of in the Superior, City, and Ordinary's court." And it further provided that "All cost arising from services rendered in felony cases shall be paid from county funds, whether the defendant is convicted or acquitted." Obviously, since under article 6, section 4, paragraph 1, of the Constitution of 1945, jurisdiction in felony cases is vested exclusively in the superior courts, the plaintiff is not entitled to the payment from county funds of his fees in misdemeanor cases disposed of in the city court. Accordingly, the petition failed to state a cause of action, and it was not error to dismiss it on demurrer.

*Judgment affirmed. All the Justices concur.*

No. 16672. JUNE 15, 1949.

*M. C. Barwick*, for plaintiff.

*Q. L. Bryant* and *Frank Hardeman*, for defendants.