HENDRIX v. PIRKLE.

ATKINSON, Presiding Justice. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects, but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d, 385); *Hughes* v. *Purcell,* 198 *Ga.* 666 (32 S. E. 2d, 392); *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (34 S. E. 2d, 811); *Silverman* v. *Alday,* 200 *Ga.* 711 (38 S. E. 2d, 419); *Howard* v. *Lee,* 208 *Ga.* 735. Accordingly, the present exceptions to the rulings on demurrer do not present any question for decision; and, no other questions being presented, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

No. 17712. SUBMITTED JANUARY 15, 1952—DECIDED FEBRUARY 13, 1952.

*Wood & Tallant,* for plaintiff in error.

*Leon Boling,* contra.

A. G. Pirkle filed in Forsyth Superior Court, against Lee A. Hendrix, a petition seeking to enjoin a continuing trespass on land, and to recover damages. General and special grounds of demurrer were interposed to the original petition.

The trial court overruled the defendant's general grounds of demurrer. One of the special grounds of demurrer was sustained, with the right in the petitioner to amend within ten days, and all other special grounds were overruled. Within the 10-day period the petitioner was allowed to file a material amendment, which described the land upon which the trespass was alleged to have occurred as being a strip of land on the west side of land lot 552 and being a part thereof, such strip being alleged to be 35 feet wide on the north and 105 feet wide on the south, and extending the depth of said lot.

The defendant did not renew his demurrer to the original petition, or file any demurrer to the petition as amended, but excepted only in so far as the order of the trial court overruled his original demurrer.