### 19224. JENKINS v. JENKINS.

HAWKINS, Justice. 1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d 385). See also *Cain* v. *Phillips,* 211 *Ga.* 806 (89 S. E. 2d 163).

2. While under Code (Ann. Supp.) § 81-1001, "Where the court sustains any or all demurrers to pleadings, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of time allowed for amendment which shall supersede the judgment allowing time for amendment," this does not relieve a defendant of demurring to an amendment, or renewing his demurrer to the petition as amended, in order to except to rulings of the court on demurrer.

(a) Where, as here, a demurrer to a petition has been overruled in part and sustained in part with leave to amend, and within the allotted time a material amendment is filed and no demurrer is filed to the amendment, nor is the original demurrer renewed to the petition as amended, such demurrer becomes extinct or nugatory. *Hughes* v. *Purcell,* 198 *Ga.* 666 (32 S. E. 2d 392); *Holliday* v. *Pope,* 205 *Ga.* 301; 308 (53 S. E. 2d 350).

3. While counsel for the plaintiff in error recite in their brief that "Deeming said second amendment to be inconsequential and immaterial, defendant did not renew his original demurrers to said petition as last amended," they sought, by special demurrers which were sustained with leave to amend, the precise information given in the amendment which was not demurred to, and will not now be heard to say that the information they sought was not material.

4. From what has been said above, it follows that the rulings on demurrer do not present any question for decision, and the judgment of the trial court must be

*Affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956.

212

*Phillips, Johnson & Williams,* for plaintiff in error.
*Frank J. Thiebout, Chester E. Wallace,* contra.

SUBMITTED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956.