### 20383. LEWIS *et al. v.* GAY.

CANDLER, Justice. Carlus D. Gay, as Sheriff of Laurens County, brought mandamus against S. A. Lewis, R. A. Register, and J. W. Robertson in their official and representative capacities as the members of the Board of Commissioners of Roads and Revenues in and for Laurens County. His original petition sought a judgment compelling the defendants to issue and deliver to him a county warrant or order on the Treasurer of Laurens County for $4,472.96, as an amount due him by the county for official services performed during the period from December 1, 1957, to April 30, 1958. Attached to and made a part of his petition, is an exhibit showing the services rendered during the period and the fees or costs due him there-

for; and the petition affirmatively alleges that the services shown by the exhibit were actually performed by him; that he is presently entitled to be paid the fees or costs fixed by law for such services; and that payment thereof has been refused by the defendants.

On July 8, 1958, the defendants demurred generally to the original petition on the ground that its allegations were insufficient to state a cause of action for any of the relief sought. They also demurred both generally and specially to particular parts or paragraphs of the original petition and moved that they be stricken for stated reasons.

By an amendment to his original petition, which was filed on July 16, 1958, he alleged that he had been the Sheriff of Laurens County continuously since January 1, 1945, and during January of that year the county's commissioners of roads and revenues, as the defendants' predecessors in office, gave him authority or permission, so long as he continued to hold the office of sheriff, to make any trip out of Laurens County or out of the State of Georgia when such trip was necessary in the performance of his official duties, and for each trip he was to be paid the per diem fixed by law and his actual expenses, including traveling expenses, which were to be determined and fixed by him on a consideration of all factors involved. Since that authorization or permission was given, the defendants and their predecessors in office have, until December 1957, paid him the per diem fixed by law and his actual expenses, including 12½ cents per mile for the use of his personal automobile, for all officially necessary out-of-county trips. Such authority or permission was never revoked, withdrawn, or modified by the defendants or their predecessors in office, and for more than 13 years his accounts for such services were approved and paid monthly.

The court struck from the petition all allegations and prayers which sought a judgment for costs earned in the City Court of Dublin and in the Court of Ordinary of Laurens County, and by such rulings the plaintiff's right of recovery was restricted to: (1) turnkey fees as fixed by law and payable to him as ex-officio jailer; (2) fees allowed him for summoning jurors in the superior court and in the City Court of Dublin; (3) per diem allowed him as sheriff for attending the superior court, the City Court of Dublin, and the Court or Ordinary while such courts were in session; (4) the costs in felony cases

as earned by him in the Superior Court of Laurens County; and (5) the prescribed per diem and actual expenses for all necessary trips out of Laurens County in the performance of his official duties. The defendants excepted to that part of the judgment which was adverse to them. On July 16, 1958, the defendants filed a motion to vouch Laurens County into court as a party defendant. The motion alleges that the county will not be bound by any judgment rendered in the cause unless it becomes a party thereto, is permitted to file defensive pleadings, and is afforded an opportunity to defend the cause. The defendants' motion to vouch in the county was denied, and this judgment is excepted to by the defendants.

On allegations that it sustained a loss of $29,574.23 during the period from January 1, 1953, to September 30, 1957, which was the difference between the amounts it received from the Superior Court of Laurens County and the City Court of Dublin from fines, costs, forfeitures, etc., and the amounts it expended for the operation of the sheriff's office while he was being paid a salary by the county for his official services, Laurens County on July 16, 1958, filed a petition for leave to intervene in this mandamus proceeding, and prayed for a judgment against the plaintiff for the amount just stated. Its application was denied, and the county did not except to the judgment.

As amended, the defendants' answer denied that the plaintiff was entitled to the judgment prayed for, since the county was not indebted to him in any amount whatsoever. Specifically, it averred that the plaintiff, before instituting this litigation had neither filed with them properly itemized claims for the amounts sought to be recovered in this litigation, nor made any demand on them for payment thereof. Their answer also averred that the plaintiff did not render all of the services shown by his petition and the exhibit attached thereto; that in many instances, best known to him, he had "settled" several felony cases, collected the costs from the defendants, and was illegally withholding them from the county, and this litigation is an effort on his part to collect twice for the same services; that, during the period from September 8, 1956, to November 9, 1958, he charged to his official telephone as county expenses long-distance calls pertaining purely to his own personal affairs, the charges for which amounted to $575.90, and which the county paid; that he has retained and appro-

priated to his own use three radios which the county owned and which had a market value of $1,800 at the time they were so converted; that, during the period from January 1, 1953, which was the effective date of an act passed in 1952 (Ga. L. 1952, p. 2396), which placed the Sheriff of Laurens County on an annual salary in lieu of fees, and until September 30, 1957, when this court held the act to be unconstitutional and void (see *Gay* v. *Laurens County*, 213 *Ga.* 518, 100 S. E. 2d 271), Laurens County received from the superior court and from the City Court of Dublin as the sheriff's part of all fees, costs, fines, etc., only $41,958.79; and that it expended during the same period for salaries and expenses incident to its operation of the sheriff's office the sum of $71,533.02, or an excess in expenditures over all income of $29,574.23, which amount the plaintiff presently owes Laurens County and which the defendants are entitled to set off against any amount or amounts the county may be due him; that he has during the period from January 1, 1958, to April 30, 1958, charged to the county and by this proceeding seeks to collect the costs, including turnkey fees, allegedly earned by him in 111 felony cases which have not been disposed of and which are pending for trial in the Superior Court of Laurens County; and that his costs in those cases, including turnkey fees, are not collectible out of the county's general funds until the cases are disposed of by the defendants' conviction or acquittal; and that no authority or permission as provided by Code (Ann.) § 24-2823 has been obtained by him from the defendants or their predecessors in office to make out-of-county trips and charge the prescribed per diem and the actual expenses thus incurred by him to the county.

The plaintiff demurred generally and moved to strike the defendants' amended answer as a whole, on the ground that it failed to set up any defense to the cause declared on or any legal reason why he should not be granted the judgment sought. He demurred to and moved to strike paragraph 5 of the answer and cross-action, which sought to set off and recover from the plaintiff $9,200 which the defendants paid to him as ex officio Jailer of Laurens County as salary during the period from January 1, 1953, to September 20, 1957, on the ground that no legal reason is set forth in that paragraph or elsewhere in the defendants' answer and cross-action why the plaintiff should be required to reimburse the county for the

salary they paid to him as the county's jailer while his office as sheriff was being operated by the defendants under the provisions of an unconstitutional act. He demurred to and moved to strike paragraph 9 of the defendants' answer and cross-action, which avers and alleges that the plaintiff has not performed all of the official services for which he claims compensation, on the ground that such averment and allegation is vague, indefinite, uncertain, and amounts only to a conclusion of the pleader, which is unsupported by facts. He demurred to and moved to strike subparagraph "A" of the defendants' "further answer and cross-action," which alleges that during the period from September 8, 1956, to November 9, 1958, the plaintiff charged to his official telephone as county expenses long-distance calls pertaining purely to his own personal affairs, the charges for which amounted to $575.90, on the ground that such allegation is vague, uncertain, and indefinite since it fails to allege the dates, to whom, and to what places such calls were made or the charge incurred for each separate call. He demurred to and moved to strike subparagraph "B" of the defendants' "further answer and cross-action," which alleges that the plaintiff owes Laurens County $29,574.23 as the difference between the amount it received and the amount it expended incident to its operation of the sheriff's office during the period from January 1, 1953, to September 30, 1957; on the ground that the facts alleged affirmatively show that Laurens County has no valid claim against the plaintiff for the amounts so expended by it. All of the plaintiff's demurrers to the defendants' answer and cross-action were sustained except as to a charge of $40.90 for calls which were charged to his official telephone after the salary act of 1952 was declared unconstitutional on September 30, 1957. On the trial and after the parties had introduced their evidence, the judge directed a verdict in favor of the plaintiff for $3,-310.26, and submitted to the jury for its determination two expense items for out-of-State travel by the plaintiff amounting to $231.55; and as to this item, the jury found in his favor for the amount claimed. And on the two verdicts a mandamus-absolute judgment was rendered in favor of the plaintiff and against the defendants in their official and representative capacities as county commissioners, which ordered and directed them to issue and deliver to the plaintiff a county warrant or order for $3,541.81. The defendants in due time

moved for a new trial on the usual general grounds and later amended it by adding several special grounds, one of which complains of the direction of a verdict. Their amended motion was denied, and to that judgment they also excepted. *Held:*

1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Jenkins* v. *Jenkins,* 212 *Ga.* 211 (91 S. E. 2d 491). Since the demurrer to the original petition in this case was not renewed after the petition was amended in a material respect, it became extinct or nugatory (*Holliday* v. *Pope,* 205 *Ga.* 301, 308, 53 S. E. 2d 350), and the exception by the defendants to the ruling made thereon presents no question for decision by this court. *Hendrix* v. *Pirkle,* 208 *Ga.* 751 (69 S. E. 2d 267).

2. In a case of this character there is no provision of law which authorizes the defendant to vouch into court a third party. The only law which we have respecting such procedure is Code § 38-624, which provides: "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." If Laurens County was a necessary party defendant to this mandamus proceeding, as the defendants contend, the question of nonjoinder of a necessary party should have been raised at the first term by special demurrer. Code § 81-304; *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3a); *Shingler* v. *Shingler,* 184 *Ga.* 671 (192 S. E. 824). While the defendants, as county commissioners, could not in this mandamus proceeding recover a judgment against the plaintiff for any amount he owed the county, they could nevertheless set off against his claim any amount or amounts he was actually due the county. *Walden* v. *Nichols,* 201 *Ga.* 568 (4) (40 S. E. 2d 644).

3. We think that the court properly struck on demurrer thereto certain parts or paragraphs of the defendants' answer and cross-action, and that he erred in striking others, and we will deal with these questions without again specifying the respective numbers of the paragraphs or parts thereof so stricken.

(a) Respecting the item of $9,200 paid as salary to the county's jailer during the period from January 1, 1953, to September

30, 1957, the defendants' answer and cross-action allege that they are entitled to set off this amount or any part thereof against any sum the county may be due the plaintiff. The judge struck this part of the defendants' answer and cross-action, and we think properly so. This amount, as the answer and cross-action show, was paid to the county's jailer during that period while the sheriff's office was being operated under the provisions of an unconstitutional act which was passed in 1952, and which placed the plaintiff, as sheriff, on a salary in lieu of fees. It seems clear to us that the defendants have no right to set off this amount or any part of it against any amount which the county may be due the plaintiff for official services rendered by him after the salary act was declared unconstitutional and he was by such decision returned to a fee basis for his compensation as sheriff. During the period involved, the county received and retained all of the jail fees and in these circumstances it is elementary that the defendants cannot set off the amount of the salary paid to the jailer during the same period against any amount the county has since the termination of that period become indebted to the sheriff for the performance of his official duties.

(b) As to the item of $29,574.23, the defendants' answer and cross-action allege that they are entitled to set off the amount of such item or any part of it against any amount the county owes the plaintiff for official services. This position is untenable. This item is the excess between all income which the county received under the provisions of two acts which were passed in 1952 (Ga. L. 1952, p. 2396; Ga. L. 1952, p. 2484), and the expenditures they were thereby authorized to make. By the acts the county's board of commissioners of roads and revenues were in their discretion authorized to fix an annual salary for the sheriff at not less than $6,000 nor more than $7,500; to determine the number of persons to serve annually as his deputies, and to fix the salary to be paid to each of them; to fix a mileage fee to be paid to the sheriff and each of his deputies for necessary travel in the performance of their official duties; and to furnish the sheriff and his deputies with all necessary official supplies and equipment, including automobiles and the expense incident to the operation and maintenance of them. The county by this plan for operating the sheriff's office, for the period mentioned above, sustained a loss of $29,574.23, and clearly no liability rests upon the plaintiff

to reimburse the county for such loss. Accordingly, the court properly struck this part of the defendants' answer and cross-action.

(c) The defendants by their answer averred that the plaintiff was not entitled to a judgment for the costs he had earned in the several undisposed-of felony cases, including turnkey fees, where the defendants in those pending cases were committed to jail. The court sustained the plaintiff's demurrer to this averment and struck it from the defendants' answer, and this ruling in our opinion was erroneous. An act which was approved on March 3, 1955 (Ga. L. 1955, p. 383), fixed a new schedule of fees which the sheriffs of this State are entitled to charge and collect for the official duties they perform in both civil and criminal cases. Such act also provides that sheriffs shall be entitled to the fees thereby fixed for all arrests in all criminal cases tried or otherwise disposed of in the superior, city, and ordinary's courts. And it further provides that "all costs arising from services rendered in felony cases shall be paid from county funds, whether the defendant is convicted or acquitted"; and that no item of criminal cost therein provided for is collectible out of the defendant until after conviction, except costs accruing from forfeited recognizances. By this act we think that it was unquestionably the intention of the General Assembly to require the counties to pay the sheriff's costs from general county funds in all disposed-of felony cases where such costs are not collectible or for any reason are not collected out of the defendants. See, in this connection, *Hubbard v. Henderson,* 205 *Ga.* 438 (54 S. E. 2d 271). As to the plaintiff's claim for turnkey fees in the above-mentioned undisposed-of felony cases, and his right to have them presently paid out of general county funds, it was settled by this court's unanimous holding in *Lumpkin County v. Davis,* 185 *Ga.* 393 (195 S. E. 169), and the several cases there cited, that such jail fees are a part of the *costs* in a criminal case which are collectible from the defendant on his conviction or from fines and forfeitures which may be lawfully applied to the payment of insolvent costs; and that the county is not required to pay such costs from general funds in its treasury. When that decision was rendered in 1938, Code § 24-2823 provided that, "whenever jail fees are chargeable to the county, the same shall be paid monthly: Provided that no local law regulating county jails or fixing salaries for

jailers, or their fees, shall in any way be affected or repealed by this section"; and § 77-103 contained identical language without the proviso. And it was held in the *Davis* case, supra, that those sections of the Code did not require or authorize a county to pay turnkey fees out of its general funds. As it relates to "jail fees," the act of 1955 made no substantial change in §§ 24-2823 and 77-103, and *turnkey fees* are still *court costs* which are chargeable to and collectible from the defendant on his conviction of a criminal offense. However, under the act of 1955, these *costs,* like all other costs due the sheriff in disposed-of felony cases, become a charge against the county and must be paid from county funds when not collectible or collected from the defendant. Hence, that part of the defendants' answer which averred that the plaintiff was not entitled to a judgment in this litigation requiring them to pay out of the county's general funds the costs which he had earned in undisposed-of felony cases should not have been stricken.

(*d*) The defendants' answer and cross-action aver that, during the period from September 8, 1956, to November 9, 1958, the plaintiff charged to his official telephone as county expenses several long-distance telephone calls pertaining purely to his personal affairs, the charges for which amounted to $575.90, which the county paid, and that they have a right to set off this amount against any sum which the county owes the plaintiff. An amendment to their answer and cross-action avers the date of each call, the place called, and the amount charged for each separate call. The court sustained the plaintiff's demurrer to this part of the defendants' answer and cross-action, except as to the item of $40.90 for calls which were charged to his official telephone after September 30, 1957, and struck the remaining part of it. We think that the court erred in striking any part of the averments and allegations since the amendment rendered them sufficiently definite.

(*e*) The defendants by their answer and cross-action alleged that they were entitled to set off against any amount the county might be due the plaintiff $1,800 as the market value of three radios, which the county owned and which the plaintiff retained and converted to his own use. This averment and allegation was demurred to on the grounds that the radios were not described, it was not alleged how they came into the plaintiff's possession, or what title or claim the county had to

them, and because their alleged market value was merely a conclusion or opinion of the pleader. The demurrer was sustained, and this part of the answer and cross-action was stricken. This was error, since the attack as thus made was insufficient to authorize the court to sustain the plaintiff's demurrer to this part of the answer and cross-action.

(f) The defendants' answer denied that the plaintiff was entitled to have a judgment against them for the amount claimed for per diems and actual expenses in making several out-of-county trips on official business, since he had never asked for or received any authority or permission from them or their predecessors in office to make such trips at the county's expense. This averment was stricken on the plaintiff's demurrer. Code (Ann.) § 24-2823, which fixes the fees and costs a sheriff may charge and collect for the performance of his official duties, provides in part: "Personal services rendered out of the county on official business authorized by the county authorities, per day and actual expenses . . . $10.00". From this provision of the law it is clear that a sheriff can make out-of-county trips on official business and collect the prescribed pier diem and the actual expenses incurred by him in making such trip only when such travel is authorized by the county's fiscal authorities. While the plaintiff's amended petition alleges facts which if proven to be true are sufficient, as he contends, to estop the defendants from relying upon and invoking this provision of the law—nevertheless, the defendants were entitled to have their plea respecting this item of expense before the court and the jury, and it was, accordingly, error to strike it on demurrer.

(g) The court sustained a demurrer to and struck from the defendants' answer an averment which denied that the plaintiff had ever submitted to them for their audit, approval, and payment any legal or properly itemized claim or claims for the amounts sought to be recovered in this mandamus proceeding. This was error, since claims having the character of those here involved must be presented to the county's fiscal authorities for audit and approval before such authorities are authorized to issue a warrant or order on the county's treasurer for payment of the approved amounts. See Code § 23-1601; *Park* v. *Candler*, 113 *Ga.* 647 (9) (39 S. E. 89). Compare *Clark* v. *Eve*, 134 *Ga.* 788 (6a) (68 S. E. 598).

(h) The court sustained the plaintiff's demurrer to and struck

from the defendants' answer an averment that the plaintiff had not rendered all of the services shown by his petition and the exhibits attached thereto. Also, that he had in many instances, best known to him, "settled" several felony cases, collected the costs from the defendants, and was illegally withholding them from the county, and by this litigation was attempting to collect the same costs from the county. The demurrer attacked these averments as being vague, indefinite, uncertain, and a mere conclusion of the pleader. We think the court erred in striking these averments. They related to matters peculiarly within the plaintiff's knowledge, and in connection with them the defendants also averred that the plaintiff had failed to file with the clerk of the superior court of his county at the end of each three months' period an itemized statement of all fees, costs, and other compensation received by him as such sheriff, the source from which they were received, and the date of such receipts, as required by Code §§ 89-704 and 89-705, and for that reason they were unable to plead their defense more fully than they had, and they prayed that the plaintiff be required to bring his records into court so that pertinent facts respecting the affairs of his office could be ascertained.

4. Since the court erroneously struck several substantial and material portions of the defendants' answer and cross-action, all action thereafter taken in the case was nugatory; and this being true, it is not necessary for us to consider any of the questions raised by the motion for new trial.

*Judgments affirmed in part and reversed in part. All the Justices concur, except Duckworth, C. J., Head and Hawkins, JJ., who dissent.*

ARGUED MARCH 9, 1959—DECIDED APRIL 9, 1959—
REHEARING DENIED MAY 8, 1959 AND JUNE 5, 1959.

*H. Dale Thompson, Williams & Smith, Felix C. Williams*, for plaintiffs in error.

*Nelson & Nelson, Carl K. Nelson*, contra.

HAWKINS, Justice, dissenting. I dissent from the ruling made in subparagraph (c) of division 3 of the opinion, to the effect that the sheriff is not entitled to be paid by the county monthly for turnkey fees in felony cases. By the act of 1955 (Ga. L.

1955, p. 383), which was enacted since the decision of this court in *Lumpkin County* v. *Davis*, 185 *Ga.* 393 (195 S. E. 169), it is provided that *"All costs* arising from services rendered in felony cases shall be paid from county funds, whether the defendant is convicted or acquitted." It is only after a defendant has been convicted that he becomes liable for the payment of costs, and since, under the terms of the act of 1955, supra, the sheriff is entitled to be paid from county funds "all costs" arising from services rendered in felony cases," whether the defendant is convicted or acquitted," it is immaterial whether such felony cases have or have not been disposed of, and whether or not such costs are collectible from the defendant. I concur in other rulings made in the decision.