### 21551. WILLIAMS v. HUDGENS.

CANDLER, Justice. This litigation arose when D. S. Hudgens, Jr., filed a suit for equitable relief against L. H. Williams, Sr. In substance and so far as need be stated his original petition alleges: The defendant, Williams, owns a tract of land in Clayton County containing 49.23 acres, more or less. On November 2, 1960, he orally agreed to sell it to petitioner for $54,153 and petitioner agreed to buy it at that price if a title investigation to be made by him showed that the seller had good title to it and if he (the purchaser) could get it rezoned for duplex apartments use. The seller agreed to give him a reasonable time in which to examine his title and he (the purchaser) agreed to apply for a rezoning of it by November 15, 1960. If the seller's title was found to be sufficient, each agreed to close the trade within two weeks after final approval of a resolution rezoning the property for such use. Their oral agreement provided that their trade would be closed in the following manner: Williams would convey the property to the purchaser on the payment to him of $15,704.37 in cash, on delivery to him of a promissory note signed by the purchaser for $38,448.63, dated as of the closing date, bearing interest from date at 5% per annum, payable in equal monthly installments of principal and interest, payment of the installments to begin one month from the date of the note and on the same day of each and every month thereafter until the note was paid in full and on payment of each monthly installment the amount so paid would be applied first to the payment of all accrued interest and the balance to a reduction of the principal; and on delivery to the seller of a deed signed by the purchaser reconveying the property to him as security for the payment of his note according to the terms thereof. Horace L. Bowie, Jr., who represented the defendant in selling the property involved, reduced their oral contract to writing and he was fully advised by the parties of its terms and was instructed to include them in the written contract, but in preparing the

contract he omitted some of those terms and wrote therein the following words: "The purchase price of said property shall be: Fifty-four Thousand One Hundred Fifty-three & No/100, $54,153.00, to be paid as follows: $15,704.37 cash and balance payable over a ten-year period with interest at 5%. . . Seller and purchaser agree that such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by such parties at the time sale is consummated." The written contract was signed by both of the parties on November 3, 1960, and the purchaser at that time paid $500 as earnest money with the understanding that it would be credited on the down-payment of $15,704.37 when the trade was closed. The parties fully intended for their written contract to embody or express the above stated provisions of their oral contract and each at the time of signing the contract believed that the legal effect of the words employed by the scrivener was sufficient to express that part of their oral contract. Following the execution of the written contract, the petitioner filed or caused to be filed with the Clayton County Planning and Zoning Board an application to rezone the property so as to permit the use of it for duplex apartments. On February 13, 1961, the board rezoned the property for such use and on February 16, 1961, the County Commissioners of Clayton County approved its action. On February 24, 1961, the petitioner through his attorney notified the defendant that an examination of his title to the property had been completed and that he was ready to close the sale. The seller was requested to fix a date for the closing which would be convenient to him. A closing date was set for February 25, 1961, at 1:00 p.m., in the office of the seller's attorney, but the seller failed to appear. On March 14, 1961, the purchaser went to the home of the seller and unqualifiedly and unconditionally tendered to him $15,704.37 in cash; a note signed by himself for $38,448.63, dated February 25, 1961, bearing interest at the rate of 5% per annum from date, and payable in equal monthly installments beginning one month from the date of his note and as otherwise provided for by their oral agreement; a deed to the property from himself to the seller as security for the payment of his note according to the terms thereof; and $125.50 as the amount which would be due as intangible tax on the note and security deed and the cost

of recording such deed. The purchaser also informed the seller that he was ready and willing to pay the entire purchase-price for the property if he desired to close the sale on that basis. The seller refused to accept the tender or the offer to pay the full agreed purchase-price and notwithstanding such tender and offer the seller then refused and still refuses to consummate his sale of the property. The agreed purchase-price of $54,123 is a just, fair, and adequate price for the property involved. The purchaser is ready and willing to comply with his part of the contract at any time the seller will do so and makes a continuing tender of the money and instruments; the oral contract obligates him to pay and deliver to the seller on the closing of their trade. Besides for process and service, the prayers of the petition are that the written contract be reformed so as to make it correctly speak their oral contract and that the defendant be required to specifically perform the written contract when so reformed. The defendant demurred generally to the petition on the ground that it fails to allege any cause of action legal or equitable. He also demurred to it specially on 12 grounds. The court on June 12, 1961, overruled his general demurrer and six of his special demurrers and sustained the remaining six. He also by the same order granted the plaintiff leave to amend his petition within 20 days.

On July 3, 1961, the petitioner presented to the trial judge an amendment to his original petition which alleges: The oral contract between the parties provided that the note which the petitioner was to give the defendant for $38,448.63 on the closing of their trade was to be paid by equal monthly installments over a ten-year period from the date of such note or from the date their trade was closed. The petitioner and the defendant arranged with Horace L. Bowie, Jr., who was not an attorney nor a person experienced in drafting contracts, to reduce their oral contract to writing for them. Bowie, though fully informed about the terms of their oral contract, inadvertently omitted to embody them in the written contract he prepared and by oversight such omission was not discovered by either party to the written contract until after it was executed by both of them. Each party fully intended for the written contract to contain all of the terms or provisions mentioned in the original petition and this amendment, and each executed it under the mistaken be-

lief that it embodied and fully expressed their oral contract with respect thereto. As a result of such mutual mistake, the written contract does not, to the extent alleged by the petition as amended, fully embody or express their oral contract. The defendant objected to the allowance of the amendment on the ground that it was not presented to the trial judge within the 20 day period allowed therefor, and on July 28, 1961, he also demurred to the amendment and to the petition as amended but he did not renew his first demurrers to the petition as amended. His general demurrer to the petition as amended is exactly like the one he interposed to the original petition. His special demurrers attack and move to strike certain allegations of the amendment on the ground that they contradict allegations of the original petition; that they are mere conclusions of the pleader since they are not based on facts alleged in the amendment; and that they are irrelevant and immaterial "in that any mistake on the part of the scrivener as to what he intended doing cannot be imputed to the defendant or ratified by him under the allegations." All of these demurrers were overruled. The defendant sued out a writ of error to this court in which he assigned error on the judgment overruling his general and some of his special demurrers to the original petition and on the judgment which overruled all of the demurrers which he interposed on July 28, 1961, to the amendment and to the petition as amended. *Held*:

1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston v. Barnett*, 193 Ga. 640 (19 SE2d 385); *Jenkins v. Jenkins*, 212 Ga. 211 (91 SE2d 491). Where, as here, demurrers to a petition have been overruled in part and sustained in part with leave to amend within a specified time, and in the allotted time a material amendment to the petition is filed and the original demurrers are not renewed to the petition as amended, such demurrers become extinct or nugatory and consequently present no question for this court to decide. *Code Ann. Supp.* § 81-1001; *Myers v. Grant*, 212 Ga. 182 (91 SE2d 335); *Jenkins v. Jenkins*, supra; *King v. Bennett*, 216 Ga. 124 (114 SE2d 879).

2. Where a complainant is granted leave to amend his petition within 20 days and he presents an amendment 21 days after

such leave was granted, an objection to its allowance on the ground that it was not presented within the time allowed is without merit where the record, as here, shows that the last day for its presentation under such order fell on a Sunday and the amendment was presented on the following day. *Code Ann. Supp.* § 102-102 (8). Furthermore, parties have the right to amend their pleadings notwithstanding the expiration of time allowed for amendment at any time thereafter and before the court shall render a judgment on the sufficiency of the pleadings as provided for in *Code Ann. Supp.* § 81-1001.

3. A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties. See *W. P. Brown &c. Lumber Co. v. Echols*, 200 Ga. 284 (36 SE2d 762) and the several cases there cited. In the instant case, the amended petition shows that the scrivener who was retained by both of the parties to reduce their oral contract to writing, though fully advised by them of its terms, inadvertently omitted therefrom the aforementioned provisions of the oral contract and the parties by oversight did not discover such omissions until after the contract had been executed by them. In *Mulkey v. Spicer*, 202 Ga. 592 (43 SE2d 661), it was unanimously held that "an inadvertent mistake by a scrivener, unknown to the parties, is a mutual mistake as between the parties . . ." It was there held that the petition was not subject to dismissal on general demurrer.

4. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Huggins v. Meriweather*, 177 Ga. 461 (170 SE 483); *Coleman v. Woodland Hills Co.*, 196 Ga. 626 (27 SE2d 226), and the several cases there cited. Tested by

the above stated requirements, the contract here involved, if and when reformed in the way and manner prayed for in the amended petition will be one of that character which a court of equity is authorized to require specifically performed on proper application, as here, for such relief.

5. The contract between the parties provides for a consummation of the trade between them within two weeks after final approval of a resolution rezoning the property for duplex apartments use. As to this, the petition alleges that the property was finally rezoned for such use on February 16, 1961, and that a closing date was fixed for February 25, 1961, in the office of the seller's attorney, but the seller failed to appear at that time and place for the purpose of consummating his part of the sale. The petition also alleges that the purchaser on March 14, 1961, which was slightly more than two weeks after the property was finally rezoned for duplex apartments use, unqualifiedly and unconditionally tendered to the defendant the money and the instruments which the contract required him to so tender before he could demand a closing of the sale and that the seller refused to accept the same and to comply with his contract. Under *Code* § 20-704 (9) and the unanimous ruling in *Scheer v. Doss*, 211 Ga. 7 (83 SE2d 612), and the cases there cited, time is not of the essence of the parties' contract; and since it is not, it cannot in the circumstances of this case be held that the purchaser is barred of his right to demand specific performance of the written contract if and when it is reformed. For like rulings, see *Ellis v. Bryant*, 120 Ga. 890, 893 (48 SE 352); and *Mangum v. Jones*, 205 Ga. 661, 667 (54 SE2d 603).

6. The grounds of special demurrer interposed to the amendment and to the petition as amended, all of which the trial judge overruled, have been carefully considered and are found to be without merit.

For the reasons stated above, no reversible error is shown by the record.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1962—DECIDED MARCH 8, 1962.

*Albert B. Wallace,* for plaintiff in error.

*Trammell Vickery, Jones, Bird & Howell, Earle B. May, Jr.,* contra.