### 41450. LUMBERMENS MUTUAL INSURANCE COMPANY v. BLACKWELL.

JORDAN, Judge. This was a suit to recover the value of certain personal property owned by the plaintiff insured which was stolen from his cabin on Lake Blackshear, it being alleged that this loss by theft was within the coverage of a home-owner's policy issued by the defendant insurance company to the plaintiff. The defendant filed general and special demurrers to the petition and the trial court entered an order thereon, overruling the general demurrer and sustaining all special demurrers. Subsequently, the plaintiff amended his petition by attaching a copy of the insurance contract sued upon and alleging other information called for by the special demurrers, but the defendant did not renew its general demurrer to the petition as amended.

The case proceeded to trial on the issues formed by the defendant's answer to the petition and the jury returned a verdict for the plaintiff. The defendant filed a motion for judgment notwithstanding the verdict which was denied, and the exception is to that judgment and to the antecedent order of court overruling the defendant's general demurrer to the petition. *Held:*

1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston v. Barnett,* 193 Ga. 640 (1) (19 SE2d 385). Where, as here, the trial court entered an order overruling the defendant's general demurrer to the petition and sustaining its special demurrers, and subsequently

material amendments were filed by the plaintiff and allowed by the court, but the defendant's general demurrer was not renewed to the petition as amended, the assignment of error on the overruling of the general demurrer cannot be considered by this court. *Mid-State Homes Investment Corp. v. Wiggins,* 217 Ga. 372 (1) (122 SE2d 106); *Williams v. Hudgens,* 217 Ga. 706, 709 (124 SE2d 746); *Jenkins v. Jenkins,* 212 Ga. 211 (91 SE2d 491).

2. "Where error is assigned on the overruling of a motion for judgment notwithstanding the verdict, but it is not made to appear that a motion for a directed verdict was first made as a condition precedent to the motion for judgment notwithstanding the verdict made after the trial, no question is presented for determination by this court." *National Life &c. Ins. Co. v. Goolsby,* 91 Ga. App. 361 (1) (85 SE2d 611). Since the record in this case does not disclose that a motion for directed verdict was made by the defendant as required by *Code Ann.* § 110-113, this court cannot consider the assignment of error complaining of the denial of the defendant's motion for judgment notwithstanding the verdict. *Durden v. Henderson,* 212 Ga. 807 (1) (96 SE2d 362).

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 29, 1965.

*Perry, Walters & Langstaff, Walter W. Hays,* for plaintiff in error.

*E. Louis Adams,* contra.