Vinson vs. Platt & McKenzie.

No. 22.—JOSIAH VINSON *et al.*, plaintiffs in error, *vs.* PLATT & McKENZIE, defendants in error.

[1.] The acceptor of a bill of exchange, and a drawer, residing in different counties, cannot under the Constitution be sued in the same action; but if bills of exchange were held to be promissory notes, then the suit should be brought in the county of the acceptor's residence, who stands in the place of the maker.

[2.] On contracts made in one State, to be performed in another, if they bear interest, the law of the State where they are to be performed governs the rate of interest to be paid.

Complaint, in Calhoun Superior Court. Before ALLEN, Judge, May Term, 1856.

This was an action brought by Platt & McKenzie, plaintiffs, against Josiah Vinson and Alexander Marshall, defendants, on a bill of exchange drawn by Vinson and accepted

by Marshall. Vinson resides in the county of Calhoun, Marshall in the county of Clay. The action was instituted in Calhoun county, and service of the writ acknowledged by Francis T. Cullens, defendant's attorney.

The bills of exchange were drawn in the county of Calhoun, Geo., and made payable at Apalachicola, Florida, were duly protested for non payment after acceptance, and suit brought against drawer and acceptor.

Defendants demurred on the ground that Marshall being a citizen, resident in the county of Clay, could not be sued in the county of Calhoun.

He also pleaded. 1. The general issue. 2. Want of notice on part of Vinson that said bills were ever dishonored. 3. That there was no averment of any endorsement which would give plaintiff a right of action against them jointly.

The Jury, under the charge of the Court, found a verdict for plaintiffs, whereupon defendants moved for a new trial upon the following grounds:

1st. Because the Court erred in overruling defendants' demurrer.

2d. Because it did not appear by the pleadings that the clerk had issued another or second original and copy thereof for the defendant, Marshall, the acceptor of said bills of exchange, and who was at that time a resident citizen of Clay county.

3d. Because the Court overruled defendants' objection to the acknowledgment of service by attorney.

4th. Because the Court erred in overruling defendants' objection to the joinder of drawer and acceptor in the same action.

5th. Because the Court erred in overruling defendants' objection to the introduction as evidence, the Notarial acts and protests, when it did not appear that said original protests or copies thereof, had been filed at the first term of the Court.

6th. Because the Court erred in refusing to charge as requested by defendants, "that the drawer is not liable unless demand of payment was made upon the acceptor at the maturity of the bills, and notice of his refusal to pay, given to drawer &c."

7th. The Court erred in charging the jury, that the interest was to be computed according to the law of the place of action and not where the contract was to be performed.

8th. Because the Court erred in charging the jury, that in order to recover, it was not necessary for plaintiffs to prove that notice and protest of the bills and non payment had been given to Vinson the drawer.

9th. Because, the verdict of the jury was contrary to law.

10th. Because, the verdict is without legal evidence.

The motion for a new trial having been overruled, counsel for defendants excepts and assigns error on all the grounds taken in the rule for new trial.

HINES HOLT, for plaintiffs in error.

No counsel appeared for defendants in error.

*By the Court.*—Mc DONALD, J. delivering the opinion.

[1.] This action was brought in the county of the residence of the drawer, and the acceptor was called out of his county to answer. On this ground the defendant's counsel demurred to the plaintiff's declaration, for the want of jurisdiction of the Superior Court of the county of the residence of the drawer of the several bills of exchange sued on. The Court overruled the demurrer and sustained the jurisdiction of the Court. This decision is excepted to. By the Constitution of this State, of 1798 as originally adopted, all civil cases (not respecting title to land) were required to be tried in the county of defendant's residence, except in cases of joint obli-

gors residing in different counties, which might be tried in the county of the residence of either.   By the amended Constitution of 1810 and 1811, joint promissors were placed on the footing of joint obligors in this respect.   The constitution was further amended in 1842 and 1843 so as to authorize a maker and endorser or endorsers of promissory notes residing in different counties in this State to be sued in the county of the maker's residence.   The Constitution does not embrace bills of exchange, by words nor by *necessary* implication, and therefore parties to bills of exchange residing in different counties cannot be joined in the same action. They must be sued separately and each in the county of his. residence.

The point made in the pleadings in this case is, whether the acceptor residing in a different county from that in which the drawer of the bills of exchange resides, can be joined in the action with him and be brought to his county to answer. The view already presented disposes of this branch of the case.   But I will present a view suggested by my brother Lumpkin as the basis of his judgment, and which would lead to the same result, independent of the construction which we have placed on the Constitution.

Bills of exchange are either included in the Constitution or they are not.   If they are, and the acceptor takes the place, of the maker of the note, and the drawer the place of the endorser, then by the very terms of the Constitution, suit must be brought in the county where the acceptor—the maker resides.   If they are not included in the amended Constitution, still, in analogy to this provision, and all the other analogies of the law, the action should be located where the party primarily liable, resides.

[2.] The Court charged the Jury that interest was to be computed by the law of the place where the suit is instituted, and not by the law of the place where the contract was to be performed, and exception was taken to this charge.   The contract was made in Georgia, but it was to be performed in

Florida. There are some decisions seemingly the other way, but the general rule is, that where interest is payable on contracts, it is to be paid according to the law of the place where the contract is to be performed. *Story's Conflict of Laws,* 4*th Ed.* § 291.

Judgment reversed.