## 25897. STAPLES *v.* HEATON.

DECIDED MARCH 13, 1937.

*Earl G. Staples,* for plaintiff. *Willis Smith,* for defendant.

STEPHENS, P. J. This is a money rule arising out of a contest between two mortgagees of the same property to a fund in the hands of the sheriff, derived from the sale of the property on the foreclosure of the mortgages. From the evidence it appears undisputed that P. P. Staples, one of the claimants, held a mortgage for $118.80 on certain personal property, which was executed by Ollie Smith on May 9, 1935, and recorded on May 15, 1935, that it was foreclosed on October 12, 1935, that J. L. Heaton, the other claimant, held a mortgage for $275 on the same property, which was executed by Ollie Smith on February 11, 1935, and filed for record and recorded October 15, 1935, and that this mortgage

was foreclosed on October 15, 1935, the same day it was filed for record. The property was sold under the above mortgage fi. fas. and brought a sum of money which came into the hands of the sheriff, which, after the deduction of costs, amounted to $192.57. It also appears without dispute that on the back of the mortgage to Staples there was a transfer in writing signed by Staples as follows: "For value received, I hereby transfer all right, title, and interest in the within note to the City Supply Company, August 22, 1935." In this mortgage or bill of sale to Staples it was recited that it was second to a bill of sale given by the maker to Carrollton Production Credit Association, and was prior to all other liens. Ollie Smith testified that before he executed the mortgage to Staples he told Staples that he had executed to Heaton a mortgage covering the same property. Staples testified that he "knew nothing of the prior lien, that Ollie Smith told him that no one had a mortgage on any of his property except the Production Credit Association," that he, Staples, came to Carrollton, the county seat of the county, inspected the record book in the clerk's office, and found no mortgage against Ollie Smith save the one given to the Production Credit Association. The court directed a verdict for Heaton.

Two questions are presented for consideration. First, does it appear as a matter of law that by virtue of the written transfer on the back of Staples' bill of sale transferring the note to the City Supply Company on August 22, 1935, Staples had no right, title, or interest in the note and the lien on the property as security for the note, and therefore as a matter of law had no right, title, or interest in the funds in the hands of the sheriff? Second, does it appear as a matter of law and without dispute that Staples, when he acquired the lien on the property by virtue of his mortgage which was executed May 9, 1935, had knowledge either actual or constructive of Heaton's existing mortgage which was executed February 11, 1935? The mortgage to Heaton was not filed for record until October 15, 1935, which was after both the execution and the record of the mortgage to Staples. Therefore it is conclusive as a matter of law that Staples had no constructive notice by virtue of any record of the Heaton mortgage. Code, § 67-2501. As to actual knowledge by Staples of the existence of Heaton's lien at the time of the execution of the mortgage

to Staples, there is evidence to the effect that at the time of the execution of this mortgage Staples had no knowledge of the existence of the lien created by the Heaton mortgage. Staples expressly stated that he knew nothing of a prior lien, and that Ollie Smith told him that no person had a mortgage on the property except the Production Credit Association. The evidence authorizes the inference that Staples had no actual knowledge of the existence of the Heaton lien. Therefore it was error for the court to direct the verdict for Heaton, unless it appears as a matter of law that by virtue of the written transfer on his mortgage to City Supply Company Staples had no right, title, and interest in the mortgage or note or the fund in the hands of the sheriff. It is clearly inferable from the evidence that Staples' mortgage and note, at the time of foreclosure and at the time of the trial, were in his possession. "The payee of a promissory note, in possession of the same, is presumed to own it, although his indorsement thereon, in full or in blank, may stand uncanceled. He may sue upon such note, and his title to the same can not be inquired into," etc. *Bomar* v. *Equitable Mortgage Co.*, 111 *Ga.* 143 (36 S. E. 601), cited in *Baggs-Langford Motor Co.* v. *Moore*, 36 *Ga. App.* 788 (3) (138 S. E. 256). The evidence therefore authorized the finding that Staples was the owner of the note and the mortgage, notwithstanding the existence on the back of the mortgage of an uncanceled written transfer by Staples to the City Supply Company. The judge erred in directing the verdict for Heaton, and therefore erred in overruling Staples' motion for a new trial.

Insistence is made, by counsel for Heaton, that the assignments of error in the special grounds of the motion for new trial which related solely to the alleged error in the direction of a verdict can not be considered, because the grounds of the amendment to the motion were not approved by the judge. The order on the amendment was as follows: "The above and foregoing amended motion is hereby allowed, and is ordered that the same be filed." This order contains no approval of the grounds. The objection on the ground that the grounds of the amendment to the motion were not approved by the judge is made for the first time in the brief of counsel in this court. It does not appear that any exception was taken in the trial court on the ground that the grounds of the amended motion had not been approved. On the same day

when the amendment to the motion was allowed and filed the judge passed an order overruling the motion for new trial. It does not appear that he did not consider the amendment to the motion; and since it does not appear from the record that any exception, on the hearing of the motion for new trial or at any other time, was made to the amendment to the motion on the ground that the grounds had not been approved, we must assume that no such objection was made, and that the judge, in passing on the motion, also passed on the motion as amended. As provided in the act of 1911, p. 149, sec. 3 (Code, § 6-805), where the judge has passed on the merits of a motion for new trial, and no question was raised before him as to the sufficiency of the approval of the grounds of the motion, "no question as to these matters shall be entertained by the reviewing courts." *Price* v. *State,* 170 *Ga.* 294 (152 S. E. 572). Therefore this court will consider the amended motion as if the grounds had been approved. Decisions cited, to the effect that grounds of a motion for new trial not approved by the trial judge will not be considered by the reviewing court, were rendered either before the adoption of the act of 1911, or, if rendered after the adoption of the act, they contain no reference to the act, and therefore do not supersede the authority of the act. The court erred in overruling the motion for new trial.

   *Judgment reversed. Sutton and Felton, JJ., concur.*