## HORTON v. WALKER et al.

WYATT, Justice. It appears from the recitals in the bill of exceptions that on May 12, 1948, the defendant in error filed an equitable petition and obtained thereon an ex parte restraining order. On May 25, 1948, the case came on regularly for an interlocutory hearing. According to the bill of exceptions, no evidence was introduced, but the plaintiff in error then "made an oral motion to dismiss the petition in the nature of a general demurrer, on the ground that said petition failed to set out a cause of action and failed to set out sufficient grounds for the relief prayed, and after argument thereon the court stated orally that he would overrule said motion," and the plaintiff in error then "moved to strike, in the nature of a general demurrer, the prayer of the petition for restraining order and injunction, and the restraining order, itself previously granted ex parte on the 12th day of May, 1948, on the ground that the petition stated no ground for the injunctive relief prayed." After argument by counsel, the court passed the following order: "Oral motion to dismiss plaintiff's petition in the nature of a general demurrer having been made by defendant, James Horton, it is ordered and adjudged and the said motion is hereby overruled. Oral motion to strike the prayer for injunction and dismiss the restraining order, and vacate the order of the judge passed on May 12, 1948, restraining defendant from evicting the plaintiff, having been made by defendant, James Horton, after hearing of same, it is ordered and adjudged that the said motion be and the same is hereby overruled." It appears from the bill of exceptions that on June 11, 1948, after the rendition of the above judgment, the defendant in error amended his original petition, and the amendment was allowed and ordered filed. The amendment, being specified as material to a clear understanding of the case, is in the record. It does not appear that the plaintiff in error demurred to

the petition as amended, by a renewal of the original demurrer, or otherwise. The sole assignment of error is on the judgment quoted. *Held:*

1. A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects. *Mooney* v. *Mooney,* 200 *Ga.* 395 (37 S. E. 2d, 195), and cit.

2. "An amendment, to be material within the rule that a demurrer to a pleading does not without more cover the pleading after it has been amended in a material respect, is one that materially aids and strengthens the cause of action, or the defense, contained in such pleading." *Davis* v. *Aultman,* 199 *Ga.* 129 (1) (33 S. E. 2d, 317). The amendment in the instant case supplied deficiencies in the original petition, and thus strengthened the cause of action; and the materiality of the amendment may be illustrated by the fact that counsel for the plaintiff in error in his brief contends that the general demurrer should have been sustained because of certain facts not contained in the original petition, which the allegations of the amendment supplied.

3. The petition having been thus materially changed by the amendment since the motion to dismiss it was overruled, the exceptions taken by the defendant to the overruling of such motion present only a moot question. *Mooney* v. *Mooney,* supra.

4. A judgment refusing to dissolve a previous temporary restraining order is not a judgment that can be reviewed by direct bill of exceptions. *Cochran* v. *Cochran,* 173 *Ga.* 856 (2) (162 S. E. 99).

5. While the defendant in error has made no motion to dismiss the writ of error, it is the duty of this court upon its own motion to dismiss a writ of error where it affirmatively appears that the question presented has become moot, or the judgment complained of is not one which can be reviewed by a direct bill of exceptions. Accordingly, the writ of error must be

*Dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16329.    OCTOBER 11, 1948.

*Yantis C. Mitchell,* for plaintiff in error.

*Saul Blau, W. S. Northcutt, Durwood T. Pye,* and *E. A. Wright,* contra.