20396. WHITLEY *et al. v.* WILLIAMS.

CANDLER, Justice. This litigation was instituted in the Superior Court of Irwin County by Mrs. Jessie Mae Whitley Williams against T. J. Whitley and The Farmers Bank of Douglas, Georgia. The amended petition in substance alleges: The plaintiff and J. D. Williams were husband and wife until their marriage was dissolved by divorce on July 3, 1956. At the time of their separation, they owned jointly and equally five described tracts of land in Irwin and Berrien Counties, containing in the aggregate 1,050.96 acres, more or less. While she and her husband were living separate and apart and before they were divorced, she decided to purchase his undivided half interest in the five tracts, and she asked her father, the defendant Whitley, to assist her in purchasing it. He and her husband agreed on a price of $26,000 for his interest in the lands, and to enable her father to borrow that amount for her, she conveyed to him by warranty deed, without any condition or reservation, her undivided half interest in all of the tracts, and her deed was duly recorded in both Irwin and Berrien Counties on December 29, 1955. On January 24, 1956, she and her father signed an instrument which recited that he was to hold the realty which she had conveyed to him for her use and benefit, with the right to convey it by security deed for the purpose of obtaining sufficient funds with which to purchase and pay for her husband's interest in the lands. This instrument also recites: "It is further agreed that all indebtedness in favor of The Farmers Bank, Douglas, Geor-

gia, loaned to T. J. Whitley and secured by a security deed or security deeds on said property shall have priority over any and all claims of every other person, firm or corporation." By this instrument the parties also agreed that T. J. Whitley (her father) would acquire title to the undivided half interest of J. D. Williams in said lands in his own name; that he would on request from her convey that interest to her; and that he would also reconvey to her the interest in the lands which she had conveyed to him by the aforementioned warranty deed. But such conveyance and reconveyance was to be made subject to any security deed or security deeds given by her father to The Farmers Bank of Douglas, Georgia; that she would assume payment of any indebtedness such deed or deeds were given to secure; and that she would pay her father an amount not to exceed $500 for personal services to be rendered her in acquiring her husband's interest in the lands and supervision of them for her. This instrument was recorded in Irwin County on October 2, 1956. On January 27, 1956, J. D. Williams by warranty deed conveyed his undivided half interest in the lands involved to T. J. Whitley, and on the same day T. J. Whitley gave The Farmers Bank of Douglas, Georgia, a deed to the entire interest in the lands involved to secure the payment of his note of the same date to it for $28,620.50. On February 22, 1956, she and her father sold and conveyed to Stubbs & Souther Lumber Company certain timber on a part of the lands in Irwin County for $19,000 in cash, and from these proceeds $15,000 was paid to the bank on her father's note for $28,620.50, and $4,000 was retained by her. On December 12, 1956, and for $13,410 her father sold and by warranty deed conveyed to The Langdale Company that part of the subject lands located in Berrien County, and the proceeds were credited on his note to The Farmers Bank, and this payment, together with the $15,000 previously paid, satisfied his note in full, and the bank marked it "Paid" and placed an order on the security deed for its cancellation of record; but the defendant Whitley has never had it so canceled. On January 29, 1957, at her request and for her sole benefit, her father borrowed from The Farmers Bank of Douglas, Georgia, $6,503 and secured its repayment by a deed to that part of the lands located in Irwin County, and the proceeds from such loan were paid by the bank directly to her. This security deed contains the following recital: "In addi-

tion to the above described indebtedness, this instrument shall and does secure all renewals of the above described indebtedness together with all additional loans and advances made to or for the grantor herein by the holder hereof as fully and amply as if such renewals, additional loans or advances were herein described, and whether evidenced by promissory note, open account or otherwise, it being contemplated that the holder hereof will make additional advances to or for the grantor herein." And it is further recited in this instrument: "It is agreed: . . . (2) That this security deed shall be held to secure any renewal of the indebtednesss first mentioned and any other indebtedness of mine/ours to payee, whether such indebtedness arises by overdraft, open account, endorser liability, as a partner in any firm *or in any other way whatsoever*." (Italics supplied.) On May 15, 1957, her father and H. C. Whitley, his son, borrowed $4,000 from The Farmers Bank of Douglas, Georgia, and the note given for this loan contains the following recital: "To secure the payment of this note, and any and all other liability, direct or indirect, joint or several, of the undersigned, to the payee or holder hereof already existing or which may hereafter arise, and whether due or not, the undersigned hereby pledges and deposits the following property: Deed to secure debt to farm lands securing other indebtedness to said bank this being an additional loan on said security." It is alleged in the amended petition and stipulated to be true that the plaintiff Mrs. Williams had tendered to the defendant bank the full amount of principal and interest due it on the note for $6,503, and that acceptance of the tendered amount in full satisfaction of the security deed given therewith was refused. It is also alleged that the defendant Whitley has held exclusive possession of that part of the property which is located in Irwin County since half of it was conveyed to him by the plaintiff, and since the other half of it was conveyed to him by J. D. Williams; that he has received the rents and profits from it for 1956 amounting to a net amount of $4,584.40, for which he should account to her; and the parties stipulated that the alleged net amount of rents and profits which the defendant Whitley had received from the lands in question was correct.

Besides for rule nisi, process and service, the prayers are: that the defendant Whitley be required to convey to the plaintiff all of the lands described in the amended petition except the

part in Berrien County which he sold to The Langdale Company; that a receiver be appointed with authority to take possession of the remaining portion of the lands and the crops growing thereon; that the defendant Whitley be required to render an accounting for the rents and profits received from the lands in 1956, and that the plaintiff have judgment against the defendant Whitley for the net amount thereof; that the defendant Whitley be temporarily and permanently enjoined from disposing of or encumbering any of the lands which he now holds title to or any of the crops growing thereon; that the deed which the defendant Whitley executed and delivered to the defendant bank on January 29, 1957, to secure the payment of his note for $6,503 be canceled of record as a cloud on the plaintiff's title, on full payment of his note with all interest due thereon by her; that it be adjudged and decreed that the instrument which the defendant Whitley and his son, H. C. Whitley, gave the defendant bank when they borrowed $4,000 from it passed no title to the property involved, and, in consequence of that instrument, the defendant bank has no interest in or title to the lands in question; and, as to both defendants, that the plaintiff be granted such other and further relief as the facts may warrant.

The defendants separately demurred to the original petition on the ground that its allegations were insufficient to state a cause of action for any of the relief sought. The petition was materially amended, and the defendant Whitley neither renewed his demurrer thereto nor demurred to the petition as amended; but to the petition as amended, the defendant bank renewed its demurrer and urged the court to sustain it. The demurrers were overruled, and each defendant excepted to that judgment. The defendants also separately answered the amended petition, and thereby denied that the plaintiff was entitled to any of the relief sought. By consent of the parties, all issues both of law and of fact were submitted to the trial judge for determination on stipulated facts only, and from such facts he found and adjudged: (1) The plaintiff is the equitable owner and therefore entitled to a decree of title to all of the lands described in the petition, except that portion of the same in Berrien County which was sold by the defendant Whitley to The Langdale Company, but subject to a deed which the defendant Whitley gave The Farmers Bank of Douglas, Georgia, on January 17, 1957, to secure the payment of his note

for $6,503 and all interest due thereon. (2) Under the open-end provision of the deed which the defendant Whitley gave the defendant bank on January 17, 1957, to secure the payment of his note for $6,503, the defendant bank has no right to "tack-on" to that indebtedness the loan of $4,000 which it made to the defendant Whitley and his son, H. C. Whitley, on May 15, 1957. And (3) the plaintiff is entitled to recover from the defendant Whitley $4,584.40 as the net amount he received as rents and profits from the lands involved during 1956, less $500 which the plaintiff is due him for personal services rendered her in purchasing her former husband's interest in the lands and in supervising them for her. The defendants excepted and sued out a direct bill of exceptions to this court. *Held:*

1. Where the issues in a case are by consent of the parties submitted to the judge, without the intervention of a jury, for his decision on all questions of fact and of law, and he renders a judgment therein during term time, the losing party may review his judgment either by direct bill of exceptions or by a motion for a new trial. Code § 6-804; *Chance* v. *Simpkins,* 146 *Ga.* 519 (1) (91 S. E. 773); *Gibson* v. *Wood,* 207 *Ga.* 282 (61 S. E. 2d 125), and citations. In this case the losing parties elected to bring their case to this court by a direct bill of exceptions, as they had a legal right to do.

2. We will first deal with the judgment overruling the demurrers which the defendants separately interposed. The defendant Whitley's demurrer was an attack on the sufficiency of the original petition to state a cause of action against him for the relief sought, and it was not renewed to the petition after amendment in material respects. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Jenkins* v. *Jenkins,* 212 *Ga.* 211 (1) (91 S. E. 2d 491); *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d 385); *Cain* v. *Phillips,* 211 *Ga.* 806 (89 S. E. 2d 163). Since this defendant's demurrer was not renewed in writing to the materially amended original petition, it became extinct or nugatory (*Holliday* v. *Pope,* 205 *Ga.* 301, 308, 53 S. E. 2d 350), and the exception to the judgment overruling it presents no question for decision by this court insofar as it relates to him. *Howard* v. *Lee,* 208 *Ga.* 735 (69 S. E. 2d 263); *Hendrix* v. *Pirkle,* 208 *Ga.* 751 (69 S. E. 2d 267).

The defendant bank's demurrer likewise attacked the sufficiency of the original petition to state a cause of action for the relief sought against it, and it was renewed and urged to the petition after amendment in material respects, and we are of the opinion that the exception to the judgment overruling it is meritorious as to this defendant. The allegations of the amended petition, together with excerpts from its several exhibits, have been set out at length in our statement of the case, and it is not necessary to restate them here. However, we do again point out that the amended petition and its exhibits show that the plaintiff, for a reason satisfactory to herself, conveyed to her father by warranty deed without any condition or reservation her undivided half interest in all of the lands described in the original petition, and on acquisition of her husband's undivided interest therein, title thereto was at her instance also placed in her father's name, all being so done for her use and benefit. On January 29, 1957, at her instance and request, her father borrowed for her $6,503 from the defendant bank and conveyed the lands here involved as security for repayment of the money so obtained, which money was by the bank paid directly to her; and this security deed contains, among other recitals, one which reads: "That this security deed shall be held to secure any renewal of the indebtedness first mentioned and any other indebtedness of mine/ours to payee, whether such indebtedness arises by overdraft, open account, endorser liability, as a partner in any firm *or in any other way whatsoever.*" (Italics supplied.) The amended petition affirmatively shows that the plaintiff recognizes the indebtedness of $6,503 to be her obligation; and, according to the the allegations of her amended petition, she has tendered to the defendant bank an amount sufficient to pay it in full, both as to principal and interest. Since this transaction between her father and the defendant bank resulted solely from the plaintiff's request and for her sole use and benefit, she is in no position to question any of the terms and provisions of the deed which her father gave the bank as security for the loan he obtained for her, and on application of equitable principles, she is estopped to do so. Having so held, and giving full effect to the open-end provision of the security deed which was given to the defendant bank on January 29, 1957, by the plaintiff's father at her request and solely for her benefit, it seems clear to us that the defendant bank has a right to "tack-on" to the

indebtedness evidenced by the defendant Whitley's note for $6,503 the additional amount of $4,000 which it loaned him and his son, H. C. Whitley on May 15, 1957, since it is a well-settled principle of law in this State that a grantor may convey property, real or personal, for the purpose of securing a present, past, or future indebtedness. See *Rose City Foods,* v. *Bank of Thomas County,* 207 *Ga.* 477 (62 S.E. 2d 145), and the cases there cited. And, in the circumstances of this case, the defendant bank has the right to "tack-on" to the indebtedness evidenced by the defendant Whitley's note for $6,503 the additional loan of $4,000, which he, as well as H. C. Whitley, was personally bound to repay, and its right to do so is not altered in any way by the so-called trust agreement which the plaintiff and her father executed on January 24, 1956. Since the court erred in overruling the defendant bank's general demurrer to the amended petition, all subsequent action taken in the case respecting it was nugatory.

3. As to the defendant Whitley, the court's findings and the adjudications based thereon were demanded by the stipulated facts. Accordingly, there is no merit in his contention that the final judgment rendered in the cause is erroneous as to him.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959—REHEARING DENIED MAY 8, 1959.

*H. J. Quincey, McDonald & McDonald, J. C. McDonald,* for plaintiffs in error.

*Robt. R. Forrester, Murphy Rogers,* contra.