### 38594.   BAKER v. METALLIZING COMPANY OF AMERICA.

Felton, Chief Judge. 1. Although assignments of error should specifically and definitely set out the error complained of so that this court will not be compelled to grope in ascertaining what the error is, it has been held that a general assignment of error on a ruling of the court is sufficient when a copy of the ruling is attached to the bill of exceptions. *Cain v. Tuten*, 82 Ga. App. 102, 106 (60 S. E. 2d 485) ; *Green v. Orr*, 75 Ga. App. 673, 674 (44 S. E. 2d 273). This court will not dismiss the bill of exceptions on the ground that the

plaintiff failed more specifically to describe the antecedent ruling excepted to, where, as in this case, he excepts to the court's order as being "reversibly erroneous" and the record includes the antecedent order of the court which shows precisely what the court ruled upon. The motion to dismiss the writ of error is denied.

2. Where, as in the instant case, action is brought by the payee of the note and the note shows the payee's uncanceled indorsement over to another party, the court did not err in sustaining a motion to strike the plea in abatement filed on the ground that the plaintiff had no title thereto. While the rule was, prior to the Negotiable Instruments Law (§ 49 of the N. I. L. in the act of 1924, Ga. L. 1924, pp. 126, 136) that a petition must allege or show an assignment or indorsement of a note in writing, this is no longer the law. "The payee of a promissory note, in possession of the same, is presumed to own it, although his indorsement thereon, in full or in blank, may stand uncanceled. He may sue upon such note, and his title to the same cannot be inquired into." *Staples v. Heaton*, 55 Ga. App. 495, 497 (190 S. E. 420) and cit.

3. The court erred in sustaining the plaintiff's motion to strike the defendant's plea of nul tiel corporation. "A plea denying corporate existence is not regarded as a collateral attack, but as one which challenges the very existence of the corporation and its capacity to sue or be sued." 19 C. J. S. 1017, § 1327 (e) (3). "Where a plea of nul tiel corporation is filed in an action by a foreign corporation, plaintiff must prove its act of incorporation and operation under its charter." 20 C. J. S. 139, § 1911.

4. The note sued upon, to be performed in the State of Illinois, shall be governed by the laws of that State and provisions contained therein governing the penalty of attorney's fees in default of the note would ordinarily prevail. *Folsom v. Continental Adjustment Corp.*, 48 Ga. App. 435 (172 S. E. 833). The validity, nature, obligation and construction of the contract duly pleaded, will be enforced in accordance with Illinois law by comity in this State unless contrary to public policy. *Pratt v. Sloan*, 41 Ga. App. 150 (152 S. E. 275). However, where the law of a foreign State is not pleaded it will be presumed that it is the same as the law of

176

this State. The court did not err in overruling the defendant's demurrer to this phase of the petition.

5. The court erred in sustaining the plaintiff's general demurrer to the answer on the ground that the answer was only a general denial. The petition alleged notice of attorney's fees to bind the defendant therefor and this allegation was denied by the defendant's answer. *Jones v. Lawman,* 56 Ga. App. 764, 774 (194 S. E. 416) and cit.

The court erred in sustaining the motion to strike the plea of nul tiel corporation and in sustaining the defendant's general demurrer to the petition but did not err in sustaining a motion to strike the plea in abatement.

*Judgment affirmed in part and reversed in part. Nichols and Bell, JJ., concur.*

DECIDED FEBRUARY 20, 1961.

*Joseph B. McGinty,* for plaintiff in error.
*J. T. Sisk,* contra.