### 22170. BRUCE et al. v. ROBERTS.

QUILLIAN, Justice. 1. In the instant case the defendant Bruce demurred generally and specially to the petition. These demurrers were sustained with leave being given the plaintiff to amend the petition within a specified time. Within the time allotted him the plaintiff amended the petition. No objection was interposed to the amendment and it was duly allowed. From an examination of the original petition and the amendment allowed by the court it becomes apparent that the amendment substantially added to and strengthened the petition, hence was a material amendment. *Green v. Spires*, 189 Ga. 719, 721 (7 SE2d 246); *Horton v. Walker*, 204 Ga. 319 (2) (49 SE2d 900).

The design of the petition as originally drawn was to set forth a cause against the defendant Bruce for recoupment of certain credits the plaintiff claimed were due him on a certain debt evidenced by a promissory note and security deed he originally made to Charles S. Martin Distributing Company and which the petition alleged had been transferred to Bruce. The petition fell short of showing the plaintiff's right to have the credits claimed by him balanced against the debt because it failed to show definitely for what the credits were claimed or that they were of any specific amount. The petition also failed to show the right of the plaintiff to assert the recoupment against the defendant Bruce, because it did not positively allege he was not a holder in due course of the note

and deed. The amendment supplied both of these deficiencies of the petition by setting forth very clearly exactly what the credits claimed by the plaintiff were, the dates, as well as the amount of each item of credit, and their aggregate amount. The petition likewise in specific, positive terms alleged that the defendant Bruce was not a holder in due course of the note and deed. The defendant, while making no objection and filing no demurrer, insists the averment was a mere conclusion of the pleader. According to the rulings of our appellate courts the general allegation of the ultimate fact was sufficient, especially in the absence of a special demurrer calling for more detailed and particular information. *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Hunter v. Lissner,* 1 Ga. App. 1 (58 SE 54); *Woodruff v. Hughes,* 2 Ga. App. 361 (5) (58 SE 551).

But, the amendment did allege facts upon which the allegation that Bruce was not a holder in due course was based. It alleged that there was a transfer from Martin Distributing Company to Bruce of the instrument, and also made it to appear plainly that Martin Distributing Company declared the note due according to its terms and was thereafter in possession of the same. *Staples v. Heaton,* 55 Ga. App. 495 (190 SE 420); *Griffin v. Blackshear Bank,* 66 Ga. App. 821, 824 (19 SE2d 325). The amendment went even further and showed some of the items of indebtedness for which the note was given were due for several months before Bruce obtained title to the deed and note by way of transfer. See *Verner v. McLarty,* 213 Ga. 472, 476 (1) (99 SE2d 890).

2. So far as the record reveals or the bill of exceptions discloses the defendant did not renew his original demurrers in writing, or otherwise, and filed no demurrer to the petition as amended. The rule is established: " 'A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on.' *Jenkins v. Jenkins,* 212 Ga. 211 (1) (91 SE2d 491); *Livingston v. Barnett,* 193 Ga. 640 (19 SE2d 385); *Cain v. Phillips,* 211 Ga. 806 (89 SE2d 163). Since this defendant's demurrer was not renewed in writing to the materially amended original petition, it became extinct or nugatory, *Holliday v. Pope,* 205 Ga. 301, 308 (53 SE2d 350), and the exception to the judgment overruling it presents no question for decision by this court insofar as it

relates to him. *Howard v. Lee,* 208 Ga. 735 (69 SE2d 263);
*Hendrix v. Pirkle,* 208 Ga. 751 (69 SE2d 267)." *Whitley v.
Williams,* 215 Ga. 1, 5 (108 SE2d 864); *Horton v. Walker,*
204 Ga. 319 (1), supra.

In view of the principles to which reference is made this court
is powerless to consider the exception of the defendant that
the trial judge should have sustained his general demurrer
which attacked the petition before the same was materially
amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1963—DECIDED OCTOBER 15, 1963—
REHEARING DENIED NOVEMBER 7, 1963.

*Chance & Maddox,* for plaintiffs in error.
*Warren Akin, T. L. Shanahan,* contra.