## 41248. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC. v. ROBERTS.

HALL, Judge. The Supreme Court of Georgia has decided that the Court of Appeals has jurisdiction of the issues remaining in this case. *Charles S. Martin Distributing Co. v. Roberts,* 220 Ga. 625 (140 SE2d 848). For a statement of the case and decisions of the Supreme Court on previous appeals of the case see *Charles S. Martin Distributing Co. v. Roberts,* 219 Ga. 525 (134 SE2d 587), and *Bruce v. Roberts,* 219 Ga. 394 (133 SE2d 327).

After a verdict and judgment for the plaintiff, the defendant Charles S. Martin Distributing Co. made a motion for new trial and assigns error on the judgment of the trial court denying this motion, and on antecedent rulings of the court overruling its motion for continuance, its motion for directed verdict, and its motion to dismiss. *Held:*

The ground of the defendant's motion to dismiss was that it was not a resident of Gordon County and the court had no jurisdiction over it after granting the resident defendant Bruce's motion for directed verdict and dismissing the case as against the resident defendant. The plaintiff argues that in submitting to an order of the court releasing funds on deposit with the clerk of court to be paid out and distributed in part to Charles S. Martin Distributing Company, Inc., or its assigns and in part to the plaintiff, the defendant waived any objections that it might have had to the court's jurisdiction. For its authority, the plaintiff relies on *Code* § 81-503 and cases involving suits against nonresident defendants alone. *Hudgins Contracting Co. v. Redmond,* 178 Ga. 317 (173 SE 135) ;

*Shearer v. LeMay*, 184 Ga. 86 (190 SE 643). These cases do not apply to a nonresident defendant who is joined with a resident defendant for the reason that the nonresident defendant must appear and plead to the merits and stand before the court until the resident co-defendant is discharged. *Morris v. Bell*, 100 Ga. App. 341, 344 (111 SE2d 270). Pleading to and defending on the merits when it was legally required to do so, and at a time when the court had jurisdiction, did not constitute a waiver on the question of improper venue. *Jordan v. Chas. S. Martin Dist. Co.*, 90 Ga. App. 186, 189 (82 SE2d 263); *Warren v. Rushing*, 144 Ga. 612 (1) (87 SE 775).

The trial court erred in overruling the nonresident defendant's motion to dismiss on the ground that the court lost jurisdiction of it upon the dismissal of the case as to the resident defendant. It is therefore unnecessary to consider the plaintiff's other assignments of error.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED APRIL 7, 1965—DECIDED APRIL 21, 1965—
REHEARING DENIED MAY 11, 1965.

*Chance & Maddox, R. F. Chance, Charles L. Henry,* for plaintiff in error.

*Warren Akin, T. L. Shanahan,* contra.