42927. LIBERTY LOAN CORPORATION v. CROWDER.

PANNELL, Judge. 1. Where, as in the present case, the note sued upon, when considered with the allegations of the petition, shows on its face that it was a contract made in the State of Alabama to be performed in the State of Alabama, the laws of Alabama as to usury govern such contract. *Code* § 57-106; *Vinson v. Platt & McKenzie,* 21 Ga. 135; *Goodrich v. Williams,* 50 Ga. 425 (1). It not appearing on the face of the petition and the exhibits attached thereto that the rate of interest provided for is in excess of the legal rate of such state,

the petition is not subject to general demurrer on the grounds that it fails to allege the interest rate is legal in such state or that such contract is void because of a claimed interest rate in excess of that permitted under the Georgia Industrial Loan Act (Ga. L. 1955, p. 431 et seq. as amended; *Code Ann.* §§ 25-301 et seq., 25-9903; *Robinson v. Colonial Discount Co.,* 106 Ga. App. 274 (126 SE2d 824); *Community Finance Co. v. Lloyd,* 114 Ga. App. 230 (1) (150 SE2d 845)), nor is it subject to general demurrer because the petition fails to allege plaintiff is a licensee under that Act. See in this connection *Robinson v. Colonial Discount Co.* and *Community Finance Co. v. Lloyd,* both supra.

2. The order of the trial judge recited the sustaining of the "renewed general demurrers." There were two general demurrers, one on the ground that there was no cause of action set out, and the other on the ground that the petition did not show plaintiff was a transferee of the note sued upon. Since the parties treated and construed the order as dealing only with the first demurrer, and the enumeration of error is confined to the first demurrer, we do not deem it improper under the circumstances to hold that the order will be so construed by this court, particularly in view of the fact that the trial judge had, prior thereto, allowed and ordered filed an amendment to the petition specifically alleging a transfer of the note to the plaintiff and attaching a copy thereof, which was obviously sufficient to meet the ground of the other demurrer. Accordingly, the trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Bell, P. J., and Whitman, J., concur.*

ARGUED JULY 10, 1967—DECIDED SEPTEMBER 6, 1967.

*Charles D. Wheeler,* for appellant.
*Kenneth L. Chalker, Cochran, Scoggins & Camp,* for appellee.