### 52613. FITZGERALD et al. v. UNITED VIRGINIA BANK OF ROANOKE.

STOLZ, Judge.

The appellee, a national bank, sued the appellants, a Georgian with extensive business interests in Virginia, and his wife, on two unpaid notes. The appellants were the makers of the first note and appellant Mr. Fitzgerald was an indorser of the second note. Summary judgment was granted in favor of the appellee for the amount of unpaid principal, interest through the date of judgment, and

attorney fees.

1. The first note in question was expressly made payable in Virginia and was dated "Roanoke, Va." It was signed in Georgia, however, and returned to the appellee by mail. The note stated no rate of interest on its face, but it was booked by the appellee at the rate of thirteen percent per annum. The appellants contend that the note is usurious under the laws of Georgia and, therefore, that they should be held liable only for the principal amount of the note.

The maximum interest which a national bank may charge on a loan is governed by 12 USCA § 85, which provides: "Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, . . . except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter." It should be noted that this statute expressly states that a national bank may charge the rate allowed by the state "where the bank is located" or where the bank is "organized and existing." The appellee is a bank which is located, organized, and existing only in Virginia.

The appellants say that the purpose of the statute was to put national banks on an equal footing with state lenders without giving an advantage. More accurately, however, the statute created what is called "the most favored lender status," under which a national bank is entitled to the benefit of the highest rate of interest permitted to any state lender on similar loans. First Nat. Bank in Mena v. Nowlin, 509 F2d 872, 879 (8th Cir. 1975).

To the extent that the purpose of 12 USCA § 85 is to create a parity between national banks and other lenders, that purpose is achieved in the present case by applying Virginia usury law, not Georgia law, because, under the facts in the present case, any Virginia lender other than a national bank would be controlled by Virginia law. A note made in one state and to be performed in another is governed by the law of the place of performance. *Baker v.*

*Metallizing Co. of America,* 103 Ga. App. 174 (4) (118 SE2d 843) (1961).

In *Vinson v. Platt & McKenzie,* 21 Ga. 135 (2) (1856), where an accepted draft was executed in Georgia but payable in Florida, it was held, "On contracts made in one State, to be performed in another, if they bear interest, the law of the State where they are to be performed governs the rate of interest to be paid." See also *Liberty Loan Corp. v. Crowder,* 116 Ga. App. 280 (1) (157 SE2d 52) (1967). The note in question was expressly made payable in Virginia, was dated "Roanoke, Va.," evidenced a loan made by a bank located in Virginia, and was executed by a man with substantial business contacts in Virginia and by his wife. Under these circumstances, the note was a Virginia note, controlled by Virginia law, under which it was not usurious.

We decline to follow Meadow Brook Nat. Bank v. Recile, 302 FSupp. 62 (E.D. La. 1969), to the extent that it automatically refuses to apply 12 USCA § 85 to any loans made outside of the state in which a national bank is located, thus invariably binding it to the usury laws of the lex loci contractus. Such a holding reduces a national bank to a status in which it is denied certain advantage of interstate commerce enjoyed by state lenders, and thus denies the bank its "most favored lender status."

2. Appellant Mr. Fitzgerald contends that summary judgment should not have been granted on the second note because there is a genuine issue as to the "principal balance due" on that note. In analyzing this argument, it is necessary to make a distinction between the amount of any payment of principal made, which presents a pure question of fact, and the "balance due," which presents a question as to the legal effect of the payment made.

On the loan in question the amount actually advanced was $100,000. As evidence of that indebtedness, appellant Mr. Fitzgerald indorsed a note in the principal amount of $104,800, payable six months after date, with the $4,800 representing interest for the six months up to the date of maturity. Appellant subsequently made one payment of principal in the amount of $50,000. In his deposition, the appellant sought to take the position that the one payment of principal reduced the "balance due" to

$50,000, not $54,800.

In arguing that there is an issue to be tried, the appellant relies entirely on one sentence from the deposition, taken out of context, in which he suggested his position. Yet, even in that one sentence relied on, the appellant gave the amount of the one principal payment made as $50,000. In every other reference to the amount of the payment, the appellant stated that it was $50,000.

Thus, there is no genuine issue with respect to the following facts: (1) A loan was made in the amount of $100,000; (2) As evidence of that loan, the appellant obligated himself on a note in the amount of $104,800; (3) The principal amount of the note represented the $100,000 loaned, plus $4,800 as interest for the first six months; and (4) Only one payment of principal in the amount of $50,000 was made on the note. The only dispute is as to the "principal balance due."

Given the established facts, the "principal balance due" presents an issue of law, which should be resolved in favor of the bank. Interest calculated from the date of a loan until maturity may properly be added to the principal balance due at maturity, and interest at a lawful rate may then be charged on the total principal balance after maturity. *Haley v. Covington,* 19 Ga. App. 782 (1) (92 SE 297) (1917). Therefore, in regard to the second note, there was not a genuine issue of material fact, and as a matter of law the judge correctly found there to be a principal balance due of $ 54,800.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED SEPTEMBER 28, 1976.

*Arnall, Golden & Gregory, H. Fred Gober, Edward S. Sams,* for appellants.

*Alston, Miller & Gaines, R. Neal Batson, John A. Sibley, Susan Hoy,* for appellee.