### 53836. CLARK et al. v. TRANSOUTH FINANCIAL CORPORATION.

SHULMAN, Judge.

Appellee, Transouth Financial Corp., filed suit for the balance owing on two loan contracts dated February 8, 1974 and May 6, 1974, executed by appellants in favor of appellee.

Although appellants admitted the execution of the loan contracts, they defended by alleging that both contracts were usurious under Georgia law (Code Ann. § 57-202(d)) because the interest rate charged as appearing on the face of the contracts was in excess of six per cent. Appellants further alleged in their answer that the May 6, 1974 contract violated the Georgia Industrial Loan Contract Act (Code Ann. § 25-301 et seq.) and the South Carolina Consumer Finance Law (South Carolina Code § 8-797). This appeal is from a grant of summary judgment in favor of the appellee ordering the recovery of unpaid principal and interest plus the cost of the action, and the recognition of a special lien against the real property of appellants.

The question before this court is whether Georgia or South Carolina law applies and the effect of the applicable law on the loan contracts.

1. Appellee's affidavit in support of the motion for summary judgment did nothing to pierce appellant's allegations that both contracts violated Georgia law. Therefore, implicit in the order granting summary judgment was a finding that South Carolina, and not Georgia, law controlled the loan contracts and that those contracts did not violate South Carolina law.

The record shows that contacts concerning the transaction within the State of Georgia were extremely limited. Appellants are Georgia residents. The loans were secured by personalty and realty located in Georgia. The security deed was captioned "Richmond County, Georgia" and recites that it was "made in compliance with the provisions of Section 67-1301 et seq. of the Code of Georgia of 1933, as amended. . ." Other significant aspects of the contract occurred in South Carolina. Appellee is a South Carolina consumer finance company. The loan application was made at appellee's office in South Carolina. The notes were signed, delivered and accepted in South Carolina. The notes were payable to Transouth Financial Corp. at their North Augusta, South Carolina, office. The security deed made pursuant to the loans was executed in South Carolina, as were certain other security agreements. The February 8 note was captioned "Promissory Note — South Carolina." The May 6 note expressly provided that interest owing in the event of prepayment in full was to be computed in accordance with the South Carolina Consumer Finance Act.

Security deeds are relevant, along with other circumstances, in indicating the situs contemplated in fixing the rate of interest on a note. *Taylor v. American Freehold Land Mtg. Co. of London,* 106 Ga. 236 (32 SE 153). But, "[w]here a note is executed and made payable in another State, even though secured by a deed to land in this State, . . . the rate of interest on the note is governed by the usury laws of the sister State. [Cits.]" *Jones v. Lawman,* 56 Ga. App. 764, 770 (194 SE 416); *Fitzgerald v. United Va. Bank,* 139 Ga. App. 664 (1) (229 SE2d 138); Code Ann. § 57-106. In the case before us, the notes were South Carolina notes controlled by South Carolina law, under which they were not usurious. "The manifest intention of the parties was to make a valid and binding

contract. . .We think they succeeded in so doing." *Jackson v. American Mtg. Co.,* 88 Ga. 756, 761 (15 SE 812). See *Goodrich v. Williams,* 50 Ga. 425 (1).

In the case at bar the pleadings and supporting affidavits established that appellants executed the February 8 note and security deed and that appellants defaulted under the terms and conditions of the note. There is no allegation that the note contravenes South Carolina law. There being no genuine issue as to material fact the granting of the motion for summary judgment as to the February 8 loan was proper.

2. The granting of summary judgment as to the May 6 loan, however, was error. The appellees failed to pierce appellants' answer that the May 6 loan was in violation of South Carolina Consumer Finance Law, to wit, South Carolina Code § 8-797 et seq. On the face of the agreement there appear certain charges for attorney fees which present a fact question as to whether permissible initial loan charges under South Carolina law were exceeded. Because affidavits are silent as to the basis of these charges, summary judgment was not proper. See *Haskins v. Jones,* 142 Ga. App. 153 (3B).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Banke, J., concur.*

SUBMITTED MAY 9, 1977 — DECIDED MAY 25, 1977.

*Foss, Pettigrew & Trippe, T. J. Foss,* for appellants.
*Nixon, Yow, Waller & Capers, John B. Long,* for appellee.